## M. M. REDWINE v. W. F. HUDMAN.

### No. 2111.   Decided January 11, 1911.

**1.—Contract—Sale of Land—Specific Performance.**

The distinction between contracts binding the promissor to convey land and providing an alternative of penalty or damages in case of noncompliance distinguished from those giving him the right to elect between such conveyance and the alternative—the former, but not the latter, supporting an action for specific performance.   (Pp. 23, 24.)

**2.—Same—Case Stated.**

In consideration of personal property (horses, carriages and harness) the one receiving them bound himself to make to the other a good deed to certain land on the termination in his favor of a suit involving its title, which condition was fulfilled.   Another clause of the contract provided that if the promissor "shall fail or refuse from any cause to execute and deliver said deed" he would return the poperty received, or, if unable to do so, its reasonable value.   Held, that the form of contract did not give the promissor a right to elect between the alternatives and rescind the contract without just cause on returning the consideration and that the agreement was sufficient to support an action for specific performance.   (Pp. 22-26.)

**3.—Same—Construction.**

The words, "for any cause," in such contract were not to be taken as giving a right to elect to rescind without cause or to justify rescisson on the mere volition of the promissor.   The futility of the provision on any other view, and the fact that the property delivered was perishable and no provision was made against its deterioration are to be considered in construing the contract.   (P. 24.)

**4.—Specific Performance.**

A court of equity will not decree a conveyance which will defeat the title to be conveyed, nor one which will not substantially accomplish the end intended.   (P. 25.)

**5.—Same—School Land—Sale by Purchaser.**

One purchasing school land (additional section to home) and undertaking, before completing the residence on his home section required by law to perfect his title, to convey it to another, did not by such contract give the latter a right which would support an action for specific performance, at least until the necessary residence was completed.   His conveyance would give no right without his completion of the residence of the term required, and a court of equity had no power to compel him to continue to so reside.   The rights to the land of the one to whom he agreed to convey, would not prevail over those of another to whom he afterwards actually conveyed, and who, as his grantee, was substituted by the State as purchaser, and completed the occupation.   (Pp. 25, 26.)

Error to the Court of Civil Appeals, Second District, in an appeal from Lynn County.

Hudman sued Henderson and Redwine and defendants had judgment, from which plaintiff appealed. On reversal and rendition for appellant, appelles obtained writ of error.

*John P. Marrs, L. W. Dalton, G. W. Perryman,* and *Wm. J. Berne,* for plaintiff in error.—The Court of Civil Appeals erred in holding that the contract gave Hudman the right to compel a conveyance of the land. Schwab v. Baremore, 104 N. W., 10; Ashby v. Cathcart, 49 So., 75; Averett v. Lipscomb, 76 Va., 404; Express Co. v. Railroad Co., 99 U. S., 191; Fairmount Plumbing Co. v. Carr, 46 S. E., 458; Warren-Scharf, etc., Co. v. Laclede Const. Co., 111 Fed., 695; Morrissey v. Broomal, 56 N. W., 383; Barrett v. Raleigh, etc., Co., 41 S. E., 220; Church v. Shanklin, 17 L. R. A., 207; Buford v. Landrum, 67 S. W., 1066.

The Henderson-Hudman contract can not be enforced because it failed to provide for occupancy of the land therein described by either Henderson or Hudman; Hudman never occupied the land; and the record fails to show that Henderson resided on his home section after the sale of the land in controversy to Redwine, which sale was made long prior to the expiration of the required three years occupancy. Rev. Stats., Art. 4218ff; Roberson v. Sterrett, 96 Texas, 185; Spence v. Mitchell, 96 Texas, 43.

*H. C. Ferguson, James H. Robertson* and *J. B. Robertson,* for defendant in error.—The contract sued upon gave to Hudman the right to compel a conveyance of the land in question. Moss & Ralley v. Wren, 113 S. W., 739; Same Case on Rehearing, 120 S. W., 847; Hemming v. Zimmerschitte, 4 Texas, 159; Williams v. Talbot, 16 Texas, 1; Vardeman v. Lawson, 17 Texas, 11; Bullian v. Campbell, 27 Texas, 653; Gregory v. Hughes, 20 Texas, 345.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

This action was brought by Hudman against R. A. Henderson for specific performance of a contract for the conveyance of land, Redwine, the plaintiff in error, being joined as a subsequent purchaser from Henderson. The contract is as follows:

"THE STATE OF TEXAS:

"COUNTY OF LYNN.—This agreement this day entered into between R. A. Henderson party of the first part and W. F. Hudman, party of the second part, witnesseth: That said party of the first part, for and in consideration of the following described property, to wit:

"One bay horse about 14½ hands high, nine years old unbranded.

"Also one bay horse about 14½ hands high four years old and branded X on left thigh.

"Also two sorrel horses one four and one five years old branded R. F. on left shoulder.

"Also four buggies, one Perry buggy, been in use about thirteen months and three new Banner buggies.

"Two new sets of single harness and one set of old single buggy harness and one set of new double harness. Said property of the reasonable market value of. Three Hundred and Twenty Dollars. Said property this day sold and delivered by the party of the second part to the said party of the first part herein.

"The said party of the first part agrees to make, execute and deliver to the party of the second part a good and sufficient deed to a certain section of State School Land in Lynn County, Texas, after a certain suit which is now pending involving the title to said land shall have been terminated in favor of the party of the first part herein.

"Said land described as follows, to wit:

"Being all of State School Section No. 448, Cert. No. 446, in Block No. 1, E. L. & R. R. R. Co., said land of a reasonable market value of Three Hundred and Twenty Dollars.

"It is further agreed and understood by and between the parties herein mentioned that if the said party of the first part herein shall fail or refuse from any cause to execute and deliver said deed to said party of the second part then and in that event the party of the first part shall deliver to the party of the second part said property herein conveyed to him and in the event of his failure or inability to deliver said property then the party of the first part shall pay to the party of the second part the reasonable market value of said property.

"It is further agreed and understood between and by the parties to this contract that the party of the second part agrees to pay off and discharge any and all indebtedness that may be against said property herein conveyed and to warrant and defend the title to the same against any and all encumberances, liens and claims whatsoever.

"In testimony whereof we have hereunto set our hands and seals this the 5th day of Sept., 1903.

"R. A. Henderson, party of the First Part.

"W. F. Hudman, party of the Second Part."

The judgment of the District Court was in favor of defendant, but it was reversed by the Court of Civil Appeals and another was rendered by that court in plaintiff's favor for the land, subject to such right as Redwine might show to compensation for improvements in good faith, for inquiry into which subject alone the cause was remanded.

The first objection made to the judgment is that it is not authorized by the contract, which, it is urged, did not bind Henderson to convey the land but left him the right to refuse to do so and, instead, to return the property received as the consideration, or, to pay its market value. Irrespective of the other features of the case discussed later, we do not think the suggested construction of the contract is the proper one. Much has been well said in the opinions of this. court, from Hemming v. Zimmerschitte, 4 Texas, 159, to Moss v. Wren, 102 Texas, 567, affirming the right to specific performance of contracts for the conveyance of land which contain stipulations for the payment of sums of money, called penalties, or liquidated damages, inserted to secure the performance of the Act agreed to be performed. A different

class of contract is that where one of the parties is given the election to do something else in lieu of conveying the land.

The principle which controls is well settled. It is thus stated: "The question always is, what is the contract? Is it that one certain act shall be done, with a sum annexed, whether by way of penalty or damages, to secure the performance of this very Act? Or is it that one of two things shall be done at the election of the party who has to perform the contract, namely, the performance of the Act or the payment of the sum of money? If the former, the fact of the penal or other like sum being annexed will not prevent the court enforcing the performance of the very Act, and thus carrying into execution the intention of the parties. If the latter, the contract is satisfied by the payment of a sum of money, and there is no ground for proceeding against the party having the election, to compel the performance of the other alternative." Fry on Specific Performance, sec. 115; See also 36 Cyc. 571-2.

Whether a contract belongs to one class or the other depends on the intention deduced from a proper construction of the instrument in which the parties have expressed their agreement.

There is certainly no room for the contention that the contract sued on belongs to the first class mentioned in the above quotation. No sum of money is mentioned either as a penalty or as liquidated damages to secure the conveyance of the land. On the contrary, the agreement is to return the consideration, or its equivalent, in case the deed is not executed, that is, to do that which would constitute a rescission. We think counsel for defendant is clearly correct in giving that construction to the instrument. We are unable to admit, however, that the rescission is authorized at Henderson's mere election. The agreement is not so expressed. The first stipulation is that he will convey, and the second is that, if he *"fail* or *refuse* from any *cause"* to execute the deed, he shall do the other thing, which is not apt or appropriate language in which to express an unconditional right of rescission at the mere election of the vendor. If it has the effect of a reservation of such a right, it must be because that right is necessarily involved in that which the contract allows. Was it the intention that Henderson should not be bound to convey the land at all if without just cause he should choose not to do so? That it was is the contention of the defendant, expressed in its simplest form. We think it does not give proper weight to the word, "cause." The contract does not say or mean that Henderson will return the property delivered or its value, if he elect or choose not to convey, but that he will return, etc., if he fail or refuse to convey for cause, that is, for something causing him to fail or refuse, and justifying his failure or refusal rather than the mere exercise of his own volition. This explanation frees the contract from a criticism that would render it, not only unreasonable, but well nigh futile. We thus characterize the contract, as the defendant would construe it, because of the fact of the delivery of the perishable personal property into the possession of the vendor, as the price of the land, to be held and enjoyed by him, at least so long as the law suit referred to should last, with no corresponding obligation but that finally to elect whether he would convey the land

or return the property, or its value, with no provision for deterioration in it or compensation for its use. Of course mere improvidence in a contract does not control its plain provisions, but an unreasonableness in a suggested construction may justly prevent its adoption when a more reasonable one is as consistent with the language used. The construction contended for gives to the words so often quoted the same meaning as if they were, "if the vendor shall fail or refuse for any reason satisfactory to himself." Those used may reasonably be interpreted differently so as to avoid absurd consequence.

We conclude that in the mere wording of the contract a conclusive reason is not found against specific performance, and, therefore, take up the next objection, which is that such relief can not properly be adjudged because Henderson, a purchaser of the land from the State as an actual settler under the statutes regulating sales of the public school lands, not having completed the required occupancy, could not legally bind himself to convey as attempted. The facts are these: One Green first settled and located his home on another section and then purchased it and two others in addition, one of which is the land in controversy. He conveyed the three to Henderson, who also settled on the one first mentioned, and properly recorded and filed in the Land Office his deed, and was substituted in place of Green as purchaser. It was therefore necessary to the acquisition of title that an actual settlement be continued either on the original home section, or on one of the additional ones, for three years from the date of Green's purchase. Henderson made the contract with Hudman with his claim to the land in this situation, and afterwards, before the completion of the three years, conveyed the section in controversy and the other additional one to Redwine who settled on the latter, filed his deed and obligations in the land office in compliance with the statute so as to become a purchaser from the State. The law suit referred to in the contract was decided in 1908 in Henderson's favor.

We are not prepared to hold that the contract between Henderson and Hudman was illegal, in that it was necessarily violative of the provisions or policies of the statutes under which the former held. The instrument contains no stipulation that, so far as we can now see, would necessarily contravene any of the purposes disclosed in the statutes; and, if Henderson had retained the section in question until he completed his occupancy, it may be that there would be no obstacle to the enforcement of his agreement. It is well, however, to proceed with caution in dealing with this subject, and we find it unnecessary to determine this question definitely. Conceding that the contract is a lawful one, it by no means follows that it is one to which the remedy of specific performance can be applied. That it is not will, we think, appear from a proper consideration of the facts stated.

Of course a court of equity will not decree a conveyance which will defeat the title to be conveyed, nor one which will not substantially accomplish the end intended. It is obvious that if the law suit had been decided before the three years occupancy was complete, no performance of the contract could properly have been decreed. The reason is that the court could not have required Henderson to maintain the settlement necessary to the efficacy of the decree to confer any title.

Thus that title would have been exposed to a danger against which the court could not have provided. If it be said Hudman could have settled and completed the occupancy, the answer is, that the court could not have compelled him to do so, even if the contract had contemplated that he should, which is admitted not to have been the case. Specific performance will not be decreed unless complete performance by each party can be enforced, which was not true here as to either party. Therefore at the time Henderson conveyed to Redwine there was no right in Hudman to enforce a conveyance of the land. Such a right could only have become complete from a compliance by Henderson with the statutory requirement as to occupancy and a consequent acquisition of the title. The contract to convey the land was necessarily dependent on Henderson's future action, and, as that action was not to be a nature that could be required of Henderson by the decree of any court, no enforcible right to a conveyance could arise against him unless he obtained the title. He has never done that, but Redwine, proceeding in strict accordance with the statutes, has put himself in the position of purchaser from the State and as such has completed the necessary occupancy and, under positive statutory provisions, is entitled to be recognized by the State as owner.

When Henderson contracted to convey to Hudman the title was in the State to be acquired in accordance with the statute. Redwine has strictly complied with those statutes and Hudman has not. The equitable jurisdiction of courts of equity to enforce specific performance is inapplicable to such a situation.

The judgment of the District Court was correct and that of the Court of Civil Appeals erroneous.

> *Judgment of Court of Civil Appeals Reversed;*
> *Judgment of District Court Affirmed.*