## BASHARA et al. v. GLASSCOCK. *
(No. 7049.)

(Court of Civil Appeals of Texas. Austin. Dec. 8, 1926. Rehearing Denied Jan. 5, 1927.)

1. Vendor and purchaser ⊸144(1)—Request for "proof of heirship" requires only recorded sworn statements of credible persons to material facts (Rev. St. 1925, art. 6626, and article 3590 et seq.).

Objection to title as shown by abstract, that it was not shown that certain persons were the only children or heirs of deceased, and requesting proper proof of heirship, does not require showing as to financial condition of decedent's estate, since "proof of heirship" only requires recorded sworn statements of credible persons, such instruments being entitled to record under Rev. St. 1925, art. 6626, and

not adjudication of heirship prescribed by article 3590 et seq.

**2. Vendor and purchaser ⬅141 — Captious, frivolous, or immaterial objections to title need not be met under contract to correct defects specifically pointed out.**

Captious, frivolous, or immaterial objections to title to land are not required to be met under contract, requiring seller to correct defects specifically pointed out.

**3. Vendor and purchaser ⬅141 — Objection that "abstract does not show a merchantable title" to plaintiff does not point out specific defect as shown by abstracts.**

Objection that "abstract does not show a merchantable title" to plaintiff does not point out specific defects of title as shown by abstracts, requiring correction under plaintiff's contract.

**4. Mines and minerals ⬅74—Buyer of oil lease, failing to point out defects in title with sufficient particularity, cannot complain because seller did not correct them.**

Where seller of assignment of oil lease agreed to correct defects in title specifically pointed out by buyer, latter, who did not point out defects with sufficient particularity to inform seller thereof, cannot complain because they were not corrected, since party cannot take advantage of his own act or omission to escape liability.

**5. Mines and minerals ⬅105(2)—Release of corporation's oil lease, signed by vice president, attested by assistant secretary, sealed and acknowledged, held sufficient.**

Release of corporation's oil lease, signed by vice president, attested by assistant secretary, sealed with corporate seal and duly acknowledged, *held* sufficient, in view of presumption that contingency had arisen authorizing vice president to act.

Appeal from District Court, Caldwell County; M. C. Jeffrey, Judge.

Action by Lonnie Glasscock against M. J. Bashara and others. Judgment for plaintiff on instructed verdict, and defendants appeal. Affirmed.

Nelson Puett, of Luling, and C. L. Black, of Austin, for appellants.

E. B. Coopwood and C. F. Richards, both of Lockhart, and Hart, Patterson & Hart, of Austin, for appellee.

BLAIR, J. Appellee sued appellants to recover damages, alleging a. breach of their contract, dated May 5, 1925, to purchase an assignment of an oil lease interest in 20 acres of land in Lytton Springs oil field. Appellants filed a general denial. At the conclusion of the evidence the court instructed a verdict for appellee, and thereupon rendered judgment in his favor for $10,000, with interest, against appellants and the Lockhart National Bank; the judgment against the bank being upon an escrow agreement in connection with the contract. We affirm the judgments.

The consideration for the contract was $10,000 cash, which appellants deposited under an escrow agreement in the Lockhart National Bank, along with appellee's assignment of the lease, and $10,000 additional to be paid out of oil produced on the land. Appellee agreed to furnish appellants, "for examination, a complete abstract of title, such abstract to show a good merchantable title to said lease" in appellee. Appellants agreed to "point out" any material defects of title, and appellee agreed to cure them within a reasonable time. On the day of the contract appellee delivered appellants' attorney an abstract of title certified to May 4, 1925; and on May 6, 1925, he made the following objections to the title:

(1) "There is nothing· to show that James Brewer and Alma Brewer are the only children or heirs of H. A. Brewer, deceased. A proper proof of heirship should be shown."

(2) "A release should be secured from the Marland Oil Company on said 40.4 acres held under the terms of said Perryman oil and gas lease, in order for the lease of March 20, 1925, to Lonnie Glasscock to be a merchantable oil and gas lease."

The abstract showed the fee title to have been the community property of H. A. Brewer and wife, Anna. ' H. A. Brewer died about four months prior to the date of this contract, survived by his wife and the two children named. To meet the objection, appellee obtained, filed, and recorded in the deed records an affidavit of three credible persons to the effect that H. A. Brewer died about February 2, 1925, intestate; that he had never been married but to his surviving wife, Anna, and of which union only the two children named were born, both of whom survived the deceased parent.

To meet the second objection appellee obtained, filed and recorded a release of the oil lease formerly owned by the corporation named, which was signed by its vice president, attested by its assistant secretary, sealed with its corporate seal, and duly acknowledged. A supplemental abstract showing these recorded instruments was delivered May 12, 1925, to appellants' attorney, who on the same day made the following objection to it:

"The supplement contains several affidavits and releases as curative matter covering the objection to the title raised in our opinion of May 6, 1925, but in our opinion the abstract does not show a merchantable title to Lonnie Glasscock covering said lease, and we will so advise you; we therefore reject same."

The oil lease was very valuable on the date of the contract. The Grayburg Oil Company was drilling a well near the land cov-

ered by the lease, which appeared at the time to be good and was expected to come in a producer at any moment. With this in view the parties contracted that appellants were to drill the land for oil "without delay." But between the date of the contract and this last general objection and arbitrary refusal to accept the title the Grayburg well proved to be a dry hole, and the lease thereby lost its value as oil property. The testimony is undisputed that appellee could and would have met any material objections to the title if appellants had specifically pointed them out.

Appellants now insist that the "proper proof of heirship" objection was never met as a matter of law, first, because the affidavit relied upon by appellee did not show whether H. A. Brewer died testate or intestate; and, second, because the affidavit did not show an administration proceeding on Brewer's estate, or that no necessity existed for such administration.

[1] The first proposition is not sustained, because the affidavit does state that Brewer died "intestate." The second proposition is not sustained, because the language of the objection does not inform or point out to appellee that appellants desired a showing with reference to the financial condition of Brewer's estate. There is nothing in the language used which would inform appellee that appellants desired anything further than a showing that James and Alma Brewer were the only children or heirs of H. A. Brewer, deceased. The term, "proof of heirship," when used in connection with the title to land, is generally understood by the legal profession to mean that recorded statements of credible persons under oath to the material and determinant facts sought to be ascertained in each particular case will suffice. Such instruments when properly sworn to are entitled to be recorded in the deed records under provision of article 6626, Revised Statutes 1925, as "other instruments of writing concerning any lands or tenements."

[2] The contract bound appellee to correct only such defects of title as were specifically "pointed out" by appellants. Lieber v. Nicholson (Tex. Com. App.) 206 S. W. 512; Hollifield v. Landrum, 31 Tex. Civ. App. 187, 71 S. W. 979; Davenport v. Sparkman (Tex. Com. App.) 208 S. W. 660. Unless the objections were so pointed out he could not meet them; nor could he determine if they were material or made in good faith. Captious, frivolous, or immaterial objections are not required to be met under contracts of this character. Griffith v. Bradford (Tex. Civ. App.) 138 S. W. 1073; Redwine v. Hudman, 104 Tex. 21, 133 S. W. 426; Blomstrom v. Wells (Tex. Civ. App.) 239 S. W. 230; Greer v. International Stock Yards, 43 Tex. Civ. App. 370, 96 S. W. 82.

[3] The general language, "a proper proof of heirship," cannot be construed as contended for by appellants to mean that the specifically pointed out to appellee that an adjudication of heirship such as is prescribed for by articles 3590 et seq. of the Revised Statutes was required; nor that appellants specifically pointed out and required of appellee to show the financial condition of the estate of Brewer. Adjudication of heirship would have required a long period of time. The evidence is undisputed that the parties knew that they must close the transaction as soon as possible because of the Grayburg well. The language, "in our opinion the abstract does not show a merchantable title to Lonnie Glasscock," as used in the second opinion of appellants'. attorney does not point out any specific defects of title as shown by the abstracts. This objection is merely an arbitrary rejection of title without specific objections, and under the proof in this case the trial court might well have concluded, in instructing the verdict, that the real motive for appellants' refusal to accept title was the fact that the property involved had become worthless.

[4] The law relating to the obligation of appellants as imposed by their own contract is well settled. It is the rule of fair and just dealing. A party cannot take advantage of his own act or omission to escape liability thereon. It is undisputed that if appellant had required statutory proof of heirship, it would have been made; or if they had required any proof concerning the financial condition of H. A. Brewer's estate it would have been shown. They did not point out these matters with such particularity as to inform appellee thereof, and they cannot now complain. 13 Corpus Juris, 647, 648; Marvin v. Rogers, 53 Tex. Civ. App. 423, 115 S. W. 863.

[5] In reference to the second objection that the Marland Oil Company had not properly released the oil and gas lease formerly owned by it on the same land, the Supreme Court in the case of Ballard v. Carmichael, 83 Tex. 355, 18 S. W. 734, has definitely determined the issue against appellants. The release in this case is similar to the one in that case. That is, in the Ballard-Carmichael Case the vice president executed a deed for the corporation and sealed it with its seal, which was held valid upon the presumption, in absence of evidence to the contrary, that a contingency had arisen which authorized the vice president to act, and that he would be deemed pro hac vice the presiding member of the corporation. In this case the vice president executed and acknowledged the release in question. The acting secretary attested it, and it bore the corporate seal. 14A Corpus Juris, 535.

We are also of the opinion that the appellants did not specifically point out any objection to the manner in which the release

was executed, and therefore under the rule above stated cannot now complain.

We find no error in the judgment, and it is affirmed.