**WITTE et al. v. BARRY et al. (No. 795.)**

Court of Civil Appeals of Texas. Waco.
April 11, 1929.

H. P. Jordan, of Waco, and Geo. P. & Geo. L. Robertson, of Meridian, for appellants.

J. L. Bird, of Walnut Springs, and H. J. Cureton, of Meridian, for appellees.

STANFORD, J. This suit was filed by appellees against appellants for specific performance of a written contract, by the terms of which appellees agreed to sell to appellants, and appellants agreed to purchase of appellees, 400 acres of land in Yoakum county, Tex., for the consideration stated in said contract; appellees agreeing to furnish appellants an abstract showing a good and merchantable title to said land. The case was tried before a jury. After the evidence was in, the court instructed a verdict for appellees, and on such instructed verdict entered judgment, decreeing specific performance of said contract, from which judgment appellants have duly appealed and present the record here for review.

■ There is a statement of facts in the record. We will not attempt to discuss appellants' assignments in the order presented, but will try to dispose of the principal questions raised. The court filed findings of fact and conclusions of law, to which appellants have presented no objection, but this case having been tried to a jury, and there being no law in such cases requiring or authorizing the trial court to file findings of fact, same have no binding effect upon either party or the appellate court. Pickett et al. v. Dallas Trust & Savings Bank (Tex. Civ. App.) 13 S.W.(2d) 195, and cases there cited.

The appellees John B. Barry and wife,

Fannie May Barry, and Pearce Barry, designated as first parties in the contract, obligated themselves to sell,.and W. S. Witte, Andrew Sigtenhorst, and R. S. Shelton, designated as second parties, obligated themselves to purchase the land involved. The first-named parties obligated themselves to furnish an abstract brought down to date, showing a good and merchantable title to the land involved. Said first parties further agreed to cure at their own expense any defects in the title to said land. Said first parties also agreed to pay off and discharge a vendor's lien note for $250 against said· land held by S. A. Clark, and also agreed to pay all past-due interest on the following indebtedness against said land, to wit, $2,400 due the state of Texas, four vendor's lien notes for $600, each drawn by S. A. Clark in favor of Miss Minnie Clark, and one note for $300, executed by Fannie May Barry and husband, John B. Barry, to S. A. Clark. Said first par· ties also agreed to pay all past-due taxes on said land and to convey same to the second parties by warranty deed, and warranted that the total indebtedness against said property (inclusive of the $250 they agreed to pay) does not aggregate more than $5,100. The second parties, appellants herein, obligated themselves to take said property and to pay first parties therefor the sum of $2,-583.62 cash, and the further sum of $2,200 as evidenced by their vendor's lien note, due five years from date, with 7. per cent. interest; and said second parties further agreed to accept title to said property subject to the following indebtedness: $2,400 due the state of Texas; four vendor's lien notes for $600 each, held by Minnie Clark; and one vendor's lien note for $300, held by S. A. Clark.

■■ The remedy of specific performance is one well established in courts of equity. It is a remedy given to compel a party violating his primary duty to do the very acts which his duty and the other party's primary right required of him, such as the performance of a contract according to its terms and requirements. The foundation of the action is that, by compelling the parties to a contract to do the very things they have agreed to do, more complete and perfect justice ·is attained than by giving damages for a breach of the contract. The end in view should be, primarily, the protection of the plaintiff, but the equities of the defendant must also be protected; the supreme object being the attainment of exact and complete justice between the parties. Stevens v. Palmour (Tex. Civ. App.) 269 S. W. 1057; Pomeroy, Eq. Juris. § 1401. From the very nature of the proceeding, it is essential that a plaintiff who resorts to the equitable proceeding of specific performance must show that he has performed the things required to be performed by him before he is in a position to invoke the aid of a court of equity to compel performance by a defend-

ant. Giles v. Union Land Co. (Tex. Civ. App.) 196 S. W. 327 (writ refused), and cases cited; Roos v. Thigpen (Tex. Civ. App.) ·140 S. W. 1180 (writ refused). In this case appellees obligated themselves to furnish appellants an abstract showing a good and merchantable title to the 400 acres of land in question and, if, there were defects in same, to cure such defects. All parties virtually agreed that the abstract furnished showed a defect in the title which would require a suit to remove same as a cloud upon appellees' title. Appellees refused to bring said suit or to in any way attempt to cure said defect, taking the position that appellants had said they would not carry out said purchase if said defect was cured, and that, therefore, they were relieved of their obligation to cure same. This would be true in some character of cases, but is not true in this, a suit for specific performance.

Where specific performance of a contract is decreed, each party should be given just what he contracted for, and, if such contract cannot be enforced so as to do substantial justice between the parties and give to each what he is entitled to under the provisions of such contract, then specific performance will not be decreed. Appellants, under the provisions of the contract, were entitled to an abstract showing a good and merchantable title to the 400 acres of land they were purchasing, and a court of equity will not require them to accept an abstract showing a defective title, for to do so would be inequitable and unjust to appellants. Appellants had the right to have an abstract showing a good and merchantable title before they were required to do anything. In order to be entitled to a decree for specific performance, appellees should have tendered in court an abstract showing a good and merchantable title to said 400 acres of land, and also a warranty deed properly executed by all the appellees, conveying said land to appellants; also evidence that they had paid off and dis· charged the $250 vendor's lien note, as provided by the contract; also that they had paid all past-due taxes and interest on. the liens against said land, subject to which appellants agreed to purchase same. In' other words, it was incumbent upon appellees by pleading and evidence to show they had performed or were tendering performance of all of their obligations under said contract, and, if they had done this, then the court would have been enabled to render an enforceable judgment decreeing specific performance. The judgment of the trial court rendered, in this cause is erroneous, in that it is unenforceable, and, in effect, authorized appellees, by voluntarily performing certain acts, to enforce the contract as to themselves, but with no corresponding benefits to appellants. Specific performance of a contract should not be decreed when the decree can-

not be enforced. The judgment in this case does not require the appellees to do anything, but leaves it optional with them as to whether they perform their part of said contract, and thereby place themselves in position to enforce the judgment of the court against appellants. Where specific performance is decreed, the contract is merged in the decree and it should not be so entered as to be an option on behalf of either party. Redwine v. Hudman, 104 Tex. 21, 133 S. W. 426; Stevens v. Palmour (Tex. Civ. App.) 269 S. W. 1061; Thompson v. Burns, 15 Idaho, 572, 99 P. 121; 36 Cyc. 790, and note 43. To the extent above indicated, appellants' assignments are sustained, which requires a reversal of the case. The other questions involved may not arise upon another trial.

The judgment of the trial court is reversed, and the cause remanded.