William E. THOMASON,
Appellant/Appellee,

v.

Tyree THOMAS, Appellee/Appellant.

No. 10–82–077–CV.

Court of Appeals of Texas,
Waco.

Oct. 7, 1982.
Rehearing Denied Nov. 18, 1982.

Jay B. Goss, William R. Vance, Vance, Bruchez & Goss, Bryan, for appellant.

Thomas H. Edwards, Cofer, Edwards & Vance, Inc., Bryan, for appellee.

## OPINION

CHASE, Justice.

This suit was brought by William E. Thomason against Tyree Thomas for specific performance of an option contract in which Thomas agreed to convey to Thomason a ten acre tract of land in Brazos County, Texas, for $4,000.00 per acre. The option contract also provided for certain fees and expenses in connection with the clearing of the title to the land and also provided for a penalty of $25,000.00 as liquidated damages in the event of nonperformance by Tyree Thomas.

Thomas defended on the grounds that an attorney-client relationship existed between him and Thomason and that the option contract was obtained by fraud and misrepresentation.

The case was submitted to the jury on one issue in which the jury found that no attorney-client relationship existed at the time of the execution of the option contract. The court denied specific performance and entered judgment for Thomason for $33,-360.33 together with attorney's fees stipulated to be $3,500.00.

Both parties have appealed.

Appellant Thomason's sole point of error charges the trial court with error in denying specific performance of the option contract.

The record reveals that Thomason received a legal education and was licensed to practice law in Texas, but was engaged in the farm implement business until he disposed of it. Thereafter he officed with two other investors and, though he was listed in the yellow pages of the telephone directory under "attorneys" he did not hold himself out as a practicing lawyer.

Tyree Thomas's wife was a domestic servant in the home of Thomason. In July 1977 she inquired of Thomason as to how Tyree Thomas might clear up the title to a tract of ten acres of land in which Thomas owned a small interest, so that it could be sold. Thomason suggested that Tyree Thomas come to his office and bring the papers he had concerning the land and that Thomason would look them over.

Tyree Thomas went to Thomason's office with the papers and, after looking them over, Thomason advised that a lawyer be retained to represent Thomas in clearing the title to the land.

Thomason took Thomas to several lawyers with a view to retaining one, and finally retained J.R. McCracken who took charge of the case and pursued it to a conclusion.

On July 24, 1977, Thomason and Thomas entered into the option contract whereby Thomas agreed to sell to Thomason the ten acres of land for $4,000.00 per acre provided the title could be cleared. The contract also provided that Thomason would advance the funds necessary to buy out the other owners and pay the necessary expenses and attorney's fees. The contract also provided the following language with reference to the penalty for nonperformance:

"Said grantor further agrees, binds and obligates himself that he will not sell nor encumber said real estate or any part thereof, and in the event he should do so, he shall and will forfeit the sum of $25,-000.00 to the grantee as liquidated damages. Failure or refusal by grantor to make and deliver said deed, or to furnish good and merchantable title as above provided, he shall and will forfeit to said grantee as damages the sum of $25,-000.00."

Mr. McCracken was successful in clearing the title to the property and Thomason gave written notice to Tyree Thomas of his intention to exercise his option and called upon Tyree Thomas to make a deed to the property.

Appellee Thomas, in the meantime, had found a buyer who was willing to pay him

$12,000.00 an acre for the land and he sold it to the new buyer. Wherewith Thomason brought this suit for specific performance.

Our Supreme Court in *Redwine v. Hudman,* 104 Tex. 21, 133 S.W. 426 (Tex.1911) held that specific performance would lie to enforce a contract for the sale of the land notwithstanding the fact that a penalty or liquidated damages was called for; provided the contract did not give the grantee an election as to whether he had the obligation to perform, or, might at his own volition, decline to convey and elect to pay the penalty. The court further held that each contract would have to be interpreted as to the intention of the parties as expressed in their agreement.

█ The foregoing-quoted language from the option contract, while it obligates the seller to not encumber or sell the property to another, clearly gives the seller the option to pay $25,000.00 as liquidated damages if he does. It further provides that he can fail, or merely refuse to make the deed, and if he does, he will pay $25,000.00. Applying the rule in Redwine, supra, since the contract before us provides for an election, specific performance would not be required.

Appellant Thomason's point is overruled.

Tyree Thomas, as appellant, brings forth six points of error, the first of which charges the trial court erred in awarding the expenses of $8,360.33 in addition to the liquidated damages of $25,000.00, as no such recovery is called for in the option contract.

█ The contract clearly calls for the expenses and attorney's fees necessary to clear the title be deducted from the sale price. It is undisputed that the $8,360.33 was advanced by Thomason and would have 'been deducted from the sale price had Thomas gone through with the contract. It is further unquestioned that the said sum acquired for Thomas, 23/24 ths interest in the land which he subsequently sold for over a $100,000.00. It would be unconscionable to say that Thomason would not have the right to recover the money which he paid for the benefit of Thomas after Thomas had refused to convey the land to him.

Appellant Thomas's point one is overruled.

Appellant Thomas's point two charges the trial court erred in overruling his motion for judgment N.O.V. because Appellant consulted Appellee as an attorney with a view to obtaining legal services from him, and then was rendered professional legal service by him.

The jury found that no attorney-client relationship existed between Thomason and Thomas on the date of the execution of the option contract.

█ In viewing a motion for judgment N.O.V. it is our duty to review the evidence, and if there is evidence of probative force to support the jury's finding, the same must be upheld. *Reliance Electric & Engineering Co. v. Carrier Houston Corp.,* 445 S.W.2d 48 (Tex.Civ.App.—Houston [1st Dist.] 1969, writ refused, N.R.E.). We find ample evidence to support the jury's verdict.

Appellant Thomas's point two is overruled.

Point three charges the trial court erred in excluding testimony of the sale price of comparable land at the time of the making of the contract.

█ This point presents nothing for review since no bill of exception is brought forward. Where an objection is made to testimony which has been excluded there is nothing for review without a bill of exception. *Rose v. Allied Finance Company of Oak Forest,* 487 S.W.2d 861 (Tex.Civ.App.—Waco 1972 no writ).

Appellant's point three is overruled.

Point four charges the trial court erred in enforcing the contract because the contract was obtained from the defendant by means of fraud, misrepresentation or mutual mistake.

█ There are no pleadings to support this issue and the same cannot be considered. *Cox v. Johnson,* 259 S.W.2d 623 (Tex.Civ.App.—Amarillo 1953, no writ).

Point five charges the trial court erred in enforcing the contract because of failure of consideration.

The record reflects ample consideration.

■ At the time the contract was made Thomason agreed to pay $4,000.00 an acre for land in which the seller only had a ¹⁄₂₄ th interest and a prospect of obtaining the other ²³⁄₂₄ ths as a result of litigation. Ample consideration is shown by the record to support the option contract.

Appellant's point five is overruled.

Appellant's point six charges the trial court erred in granting judgment for legal fees as the plaintiff's demand was for execution of a deed and not for any just amount owing.

■ Plaintiff Thomason, in his first amended original petition, in alternative pleading sought recovery of damages in the amount of $25,000.00, being the amount of money which Tyree Thomas promised to pay in the event he failed or refused to deed the property to Thomason. When Thomas refused to make the deed, he thereby owed to Thomason $25,000.00 which would be a debt due as envisioned in article 2226 V.A.T.S. (1971). The necessary notice required by article 2226 was provided by Thomason's letters of demand to Thomas and the attorney's fees were properly awarded by the court. *Jones v. Kelley,* 614 S.W.2d 95 (Tex.1981).

Appellant's point six is overruled.

The judgment of the trial court is affirmed.

The costs of this appeal are taxed one-half to the Appellant Thomason and one-half to Appellant Thomas.