**VARIOUS OPPORTUNITIES, INC., Appellant,**

**v.**

**SULLIVAN INVESTMENTS, INC., Appellee.**

**No. 05–83–00904–CV.**

Court of Appeals of Texas, Dallas.

July 16, 1984.

Rehearing Denied Aug. 27, 1984.

F. Ward Steinbach, Dallas, for appellant.

Bill Kuhn, Baker, Miller, Mills & Miller, Dallas, for appellee.

Before GUITTARD, C.J., and CARVER and ELLIS,[1] JJ. (Retired).

ELLIS, Justice (Retired).

This is a suit for specific performance of a contract to sell real estate. On or about June 2, 1981, Various Opportunities, Inc., as seller, entered into a contract in writing with Sullivan Investments, Inc., as purchaser, for the sale of approximately thirty-two acres of land located in Grand Prairie, Dallas County, Texas. The purchase price was set at $10,000.00 per acre with the total sum to be determined when the actual acreage was ascertained by survey. The contract of sale was twice amended: (1) on September 22, 1981, with $6,000.00 being paid by the purchaser for extension of the date for closing and establishment of the survey and acreage; and (2) on November 10, 1981, the seller and purchaser executed a second amendment, extending the closing date until January 15, 1982, with the purchaser paying to the seller an additional $35,000.00, denominated as a second extension fee. There was an agreement on the seller's part "(which covenants and agreements shall survive the closing of the transaction comtemplated by the Contract)" to pay the costs and expenses necessary to provide for 236 dwelling units water and sanitary sewer services acceptable

---

**1.** The Honorable James A. Ellis, Chief Justice, Seventh Supreme Judicial District, Retired, sitting by assignment.

to and approved by the City of Grand Prairie, Texas, "within twelve (12) months after the date of closing." The additional details of the improvements required are set forth in the contract and/or the respective amendments.

The contract of sale did not close on January 15, 1982, as planned. The purchaser, Sullivan Investments, Inc., appellee herein, filed suit for specific performance and sought injunctive relief against Brueggemeyer, the second lienor, and his trustee from foreclosing a purported second lien against the property. The trial court enjoined the alleged second lienor and his trustee from foreclosing upon the property seeking to preserve the status quo until the basic case was finally determined. When the specific performance case was called for trial, all matters relating to the validity of the second lien were held in abeyance for a future separate trial. The case went to trial on the primary question as to whether the purchaser was entitled to specific performance of the contract and amendments. At the conclusion of the trial the jury answered the special issues favorably to the plaintiff (appellee), and the court finally awarded judgment in favor of plaintiff for specific performance against the defendant (appellant). Affirmed.

The jury found that (1) the cost of installing and completing the off-site improvements, as required by the contract, was determined prior to the closing by an engineer chosen by seller and an engineer chosen by the purchaser; (2) the plaintiff tendered its required performance on or before January 15, 1982; (3) the plaintiff, at all material times was ready, willing and able to perform its obligations under the contract upon performance by the defendant of its obligations under such contract; (4) the purchaser's engineer and seller's engineer mutually agreed on all of the items of decision that needed to be made in connection with the off-site improvements as set forth in the contract and later set forth in the escrow agreement described in the contract. The jury additionally found that (5) the amount of reasonable attorney's fees incurred in connection with prosecuting the claims for performance through the trial court was $20,000.00, through court of appeals, $7,500.00, and through appeal to the Texas Supreme Court, $5,000.00; (6) on October 6, 1981, the City Council of Grand Prairie, Texas, did not approve a water connection to the property underneath Northwest Nineteenth Street, at the intersection of Hill Street and Northwest Nineteenth Street; and (7) the installation and completion of Hill Street was not a condition precedent for the sale of the property by Various Opportunities, Inc. to Sullivan Investments, Inc., subject to the instruction that "condition precedent" is defined as a condition of fact, that, if not excused, must exist or occur before a duty of immediate performance of a promise may arise.

In accordance with the jury's findings, judgment was finally awarded to Sullivan Investments, Inc. Appellant has brought its appeal asserting twelve points of error. The appellee, Sullivan Investments, Inc., in addition to its responses to the appellant's points of error, has set forth three cross-points.

In its first and second points of error, the appellant attacks the judgment and contract of sale, incorporated therein, as being too vague, uncertain and indefinite to be enforceable. It is here pointed out that the trial court subsequently entered a post-trial enforcement order to enforce such judgment. Previously, an injunctive order had been entered against the alleged second lienor and his trustee to enjoin them from any conduct which might disturb the status of the title. Both the injunctive and enforcement orders are included in the Supplemental Transcript. The contract of sale sufficiently identifies the seller, the purchaser, the property, the escrow agent and duties thereof, and the purchase price per acre. The contract and amendments, which are definitely incorporated into the judgment, provide a specific means for resolving any future disputes as to the cost of installing the utilities. This is in the nature of third party arbitration

which left nothing discretionary to be accomplished or determined by either the seller or purchaser. It has been held that in the event terms of future performance are definitely set forth and not left to future negotiation between the parties, specific performance of the contract can be accomplished. *Pacific Mutual Life Insurance Company v. Westglen Park, Inc.*, 314 S.W.2d 425 (Tex.Civ.App.—Texarkana 1958), *rev'd on other grounds*, 160 Tex. 1, 325 S.W.2d 113 (1959). *See also, Radford v. McNevy*, Tex.Comm.App., 129 Tex. 568, 104 S.W.2d 472, 474 (1937). In the case at bar, the only two matters for future determination were the cost and method of installation of off-site utilities leading to the property in question. The contract provided that if the designated engineers (one chosen by each, the seller and purchaser) could not agree, a third engineer, chosen by the two designated engineers, would determine the issue. This system of arbitration was not a contract to agree in the future, but was, in fact, a binding agreement between the parties which eliminated any future decision-making on the vital subject matters by either party to the contract. The judgment incorporates the contract of sale in such a manner that the required performance appears from the judgment and contract. It is here noted that the court's order clearly specifies the acts to be accomplished by the respective parties. Additionally, our courts have held that a decree of specific performance serves to incorporate the parties' agreements into the judgment. *Witte v. Barry*, 16 S.W.2d 548 (Tex.Civ.App.—Waco 1929, no writ); *Okon v. Levy*, 612 S.W.2d 938 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r. e.). *See also, Redwine v. Hudman*, 104 Tex. 21, 133 S.W. 426 (1911). Thus, the incorporation of the contract into the judgment by reference serves to adjudicate the specific rights set out therein. Future enforcement of contractual rights, so incorporated, are contemplated by Rule 308, TEX. R.CIV.P.

> Rule 308. The court shall cause its judgments and decrees to be carried into execution. . . .

Further, it has been held that the court has inherent authority at any time to direct orders not inconsistent with the adjudication, or make such orders as may be necessary to carry its judgment into execution. *Reynolds v. Harrison*, 635 S.W.2d 845 (Tex.App.—Tyler 1982, no writ). As to specific performance, *see also, Smith v. Miller*, 66 Tex. 74, 17 S.W. 399 (1891). Since the judgment sets forth the essentials to be accomplished by specific performance with the consequent adjudication of contractual rights incorporated therein, together with the court's prerogatives both inherently and under Rule 308 to enter such specific orders as necessary, we hold that appellant's points numbers 1 and 2 are overruled.

In its third, fourth and fifth points of error, the appellant attacks the evidentiary support as to the performance by appellee-seller of its obligations under the contract. Appellant asserted that appellee failed to meet the "no evidence," "insufficient evidence," and "against the great weight and preponderance" standards. Appellee's pleadings generally alleged the performance of all conditions precedent to its right of recovery, which included the tender of the purchase price and the manner of accomplishment of the Hill Street extension. When the appellee's engineer agreed with the escrow estimate of appellant's engineer, and appellee tendered its check to the Title Company at the closing and signed all documents prepared for the closing, it is our opinion that the closing should have been accomplished in accordance with the contract and amendments.

■ The contract of sale made the provision that the Hill Street extension was a "condition." Frank Graham, the officer of the appellee, testified that it was a "condition subsequent" and that the street would be extended after the acquisition of the property. James Strode, the broker who participated in these negotiations, who should be regarded as an expert in such matters of property use and development, testified that customarily these matters were handled after the closing. The ar-

rangement for arbitration agreed upon in advance should defeat any contention that the extension should be paid for and completed before the transaction was to be closed. We find adequate evidentiary support from the testimony and circumstances that the "condition" in question was a "condition subsequent" rather than a "condition precedent." Appellant's points numbers 3, 4 and 5 are overruled.

In its sixth, seventh and eighth points of error, appellant attacks the evidentiary support as to the tender by appellee of the purchase price, asserting that the appellee failed to meet the "no evidence," "insufficient evidence," and "against the great weight and preponderance" standards. If belief is to be accorded to Frank Graham's (appellee's representative) testimony that the funds represented by appellee's check were available, and his further testimony that proper arrangements had been made with the bank to cover any insufficiency of funds which might exist at the time of presentment and the Title Company's expressed intent to issue a check from its own trust account to pay the appellant, it is clear that the condition was a condition subsequent. Jim Clement, an attorney for the Title Company, duly qualified as an expert in this field, testified that the presentment of actual cash at the closing is not required or customary in this type of transaction. Further, Dorothy Skala, an employee of the Title Company, testified that she advised the appellant that she was prepared to issue the title company's own trust account check. She further testified that appellee's representative, Frank Graham, had signed every document for appellee to accomplish the closing. Appellant had sought to disregard its own engineer's cost estimate with respect to the utilities and any other estimates approved by the City of Grand Prairie. It is here pointed out that the appellant, with knowledge of its own engineer's estimate, signed the second amendment to the contract, and accepted the sum of $35,000.00 from the appellee for extending the closing date. A review of the evidence and reasonable in-ferences therefrom prompts our overruling of appellant's points numbers 6, 7 and 8.

In its ninth and tenth points of error, appellant complains that the trial court erred in awarding attorney's fees to appellee because there are no pleadings or evidence and insufficient pleadings or evidence that appellee made a presentment for attorney's fees within the meaning of TEX. REV.CIV.STAT.ANN. art. 2226 (Vernon Supp.1984).

Article 2226 provides, in part:

Any person, corporation ... or other legal entity having a valid claim against a person or corporation for services rendered ... or suits founded on oral or written contracts, may present the same to such ... corporation; ... and if at the expiration of 30 days thereafter, payment for the just amount owing has not been tendered, the claimant may, if represented by an attorney, also recover, in addition to his claim or costs, a reasonable amount as attorney's fees.

In this instance, the "presentment" need be neither written nor formal; and the appellant should only be apprised of the required conduct and refuse to comply for a period of thirty days. *Jones v. Kelley*, 614 S.W.2d 95 (Tex.1981). "Presentment" here occurred when the appellant appeared at the closing, was given the closing documents to sign, and refused to comply within thirty days. The contract itself set forth the conditions or requirements for compliance with which the appellant was or should have been quite familiar. The reason and purpose of the rule was duly accomplished and the appellant was afforded ample opportunity to avoid attorney's fees. This statute provides that it should be liberally construed to promote its underlying purpose. *Jones v. Kelley, supra.* The purpose of presentment under this article is to make the debtor aware that claim is being made so he can pay the claim within thirty days and avoid liability for creditor's attorney's fees. *Hardin Associates, Inc. v. Brummett*, 613 S.W.2d 4 (Tex.Civ.App.—Texarkana 1980, no writ). Appellee affirmatively pleaded perform-

ance of all preconditions to the relief he sought. Likewise, all of the evidence and circumstances with appropriate inferences therefrom support the appellee's position in this regard. Appellant's points numbers 9 and 10 are overruled.

By its eleventh and twelfth points, appellant asserts that the trial court erred in submitting special issues numbers 3 and 4 in that such issues inquire of the jury questions of law.

#### Question 3

Was the plaintiff Sullivan Investments, Inc. at all material times herein, ready, willing and able to perform its obligations under the contract under performance by the defendant, Various Opportunities, Inc. of its obligations under such contract?

Answer: Yes.

#### Question 4

Did the purchaser's engineer and seller's engineer mutually agree on all of the items of decision that needed to be made in connection with the offsite improvements as set forth in the contract in question or later set forth in the escrow agreement set forth in the contract?

Answer: Yes.

The evidence and reasonable inferences therefrom establish that the agreed plans of appellant's engineer, who was subsequently fired by appellant, were accepted by the City of Grand Prairie. No other plans were ever proposed to the City by appellant, and it is apparent that any changes in the location of the utilities as a result of a new state highway would not affect the technical requirements, costs or acceptance of the proposal by appellant's engineer. No additional ordinance was required for the City's approval after the City Engineer had approved the plans of the appellant's engineer.

It is not necessary for the jury to determine the legal effect of the contract in order to determine the appellee's factual ability and intentions to perform thereun-

der. It is proper for a court to inquire of a jury whether or not the acts set out in the contract occurred. *Ryan Mortgage Investors v. Fleming-Wood*, 650 S.W.2d 928 (Tex.App.—Fort Worth 1983, no writ). In so considering a contract, the jury is not making a decision on the law. *Ellis v. Waldrop*, 627 S.W.2d 791, 797 (Tex.Civ. App.—Fort Worth 1981, no writ).

There were only two disputed contract conditions (tender and Hill Street extension), and they were answered in appellee's favor in special issues 2 and 7. Special issues 3 and 4 were answered consistently with other issues submitted. There is no error in the submission of any special issue if the jury's findings on the remaining issues are sufficient to support the judgment, and there is no confusion by the jury or other prejudice shown by the complaining party. *Texas Railroad Co. v. McGinnis*, 130 Tex. 338, 109 S.W.2d 160, 163 (Tex.Comm.App.1937). Such is the case here. We hold that such submissions were, in any event, harmless, and we, therefore, overrule appellant's points of error numbers 11 and 12.

Appellee, in its brief, has submitted three cross-points. In cross-point number 1, appellee asserts that if the judgment entered by the trial court is vague, indefinite or uncertain, it should be modified by this Court of Appeals to require specific acts of compliance. In view of our holding in overruling appellant's point number 1 asserting indefiniteness of the judgment, and that the judgment incorporating the contract, as this one does, constitutes an entirety and is sufficiently clear to warrant judgment for specific performance, we overrule appellee's cross-point number 1. The original judgment of specific performance is the one being herein reviewed and the court had power under TEX.R.CIV.P. 308, as well as under the court's inherent power, to enter its enforcement order. Likewise, in cross-point number 2, it is submitted that the vagueness of the original judgment is cured by the subsequent order of enforcement. In view of our holding that the original judgment entered by the

trial court is sufficiently definite to award specific performance, and for appellate purposes, we overrule appellee's cross-point number 2.

As to appellee's cross-point number 3 concerning the continuation of injunctive relief against Brueggemeyer and his trustee, Brownlow, we do not consider that such enjoined parties are before this Court of Appeals in this proceeding. The trial court has previously entered its order enjoining interference with the status of the title to the property involved in this proceeding. It will be appropriate, therefore, to look to the previous injunctive order in considering any matter pertaining to the preservation of the status of the title to the property.

For all of the reasons above stated, the judgment for specific performance entered by the trial court is affirmed.