NO. 07-09-00222-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MARCH 12, 2010

_____

THE STATE OF TEXAS, APPELLANT

v.

CHAPMAN CHILDREN'S TRUST I, APPELLEE

_____

FROM THE COUNTY COURT AT LAW NO 1 OF POTTER COUNTY;

NO. 81,106-1; HONORABLE W. F. (CORKY) ROBERTS, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellee, the Chapman Children's Trust I, filed a motion to enforce an agreed judgment affecting it and appellant the State of Texas. The State filed a plea to the jurisdiction which the trial court denied. The State now brings this interlocutory appeal challenging the trial court's order. We will affirm.

Background

On November 16, 2000, the trial court signed an agreed judgment in a condemnation proceeding brought by the State against the Trust, in which the State

acquired land for construction of a part of Loop Highway 335 near Amarillo. The agreed judgment determined the compensation to be paid by the State, and addressed future construction events. Among other things, the judgment provided:

> [The Trust] will give all necessary right-of-way for one way frontage roads, turnaround under the BNSF Railway Bridge and future Coulter Street interchange with Loop Highway 335, each to be built by TxDOT, at [the State's] costs, in the area agreed to by George Chapman and TxDOT as needed.

The Trust's motion to clarify and enforce the agreed judgment, filed in the same cause, alleged the agreed judgment obligated the State to "install an overpass with one-way frontage roads at the then future Coulter Street interchange with Loop Highway 355." The motion sought an order declaring these improvements had become "needed" and compelling the State to "immediately" undertake construction. The State filed a plea to the jurisdiction which was denied. It challenges this ruling by interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (Vernon 2008).[1]

Analysis

Through a single issue the State contends the trial court is without jurisdiction to consider the Trust's motion. It argues the motion is an attempt by the Trust to obtain relief beyond the scope of the agreed judgment and the motion contravenes the State's sovereign immunity from suit.

---

[1] Hearing of the motion and all other trial court proceedings are stayed pending resolution of the appeal. Tex. Civ. Prac. & Rem. Code Ann. § 51.014(b) (Vernon 2008).

2

A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject-matter jurisdiction. *Harris County v. Sykes,* 136 S.W.3d 635, 638 (Tex. 2004). Whether the trial court lacks subject-matter jurisdiction is a question of law we review *de novo. State v. Holland,* 221 S.W.3d 639, 642 (Tex. 2007). A plea to the jurisdiction may be presented as either an attack on the sufficiency of the pleadings, as the State does here, or an evidentiary attack on the existence of jurisdictional facts. *See Texas Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226-27 (Tex. 2004). We liberally construe the plaintiff's petition, looking to the pleader's intent. *Holland,* 221 S.W.3d at 642-43.

The Trust's underlying motion to clarify and enforce is its second effort to enforce the 2000 agreed judgment. In 2007, the Trust filed a similar motion, which the trial court granted in July of that year. On the State's appeal, we vacated the 2007 order, finding it included a requirement not contained in the agreed judgment. We applied case law holding that an enforcement order may not be inconsistent with the judgment enforced and must not constitute a material change in substantial adjudicated portions of the judgment.[2] *See State v. Chapman Children's Trust I,* No. 07-08-0050-CV, 2008 WL 4508767 (Tex.App.–Amarillo Oct. 8, 2008, no pet.) (mem. op.).

---

[2] *See Harris County Appraisal Dist. v. West,* 708 S.W.2d 893, 896 (Tex.App.--Houston [14th Dist.] 1986, orig. proceeding) (*citing Various Opportunities, Inc. v. Sullivan Investments, Inc.,* 677 S.W.2d 115, 118 (Tex.App.--Dallas 1984, no writ). We cited also *Bank One, N.A. v. Wohlfahrt,* 193 S.W.3d 190, 194-95 (Tex.App.--Houston [1st Dist.] 2006, no pet.) for the proposition that a post-judgment enforcement order may not add obligations to those required by the judgment.

In its current appeal, the State contends that Chapman's 2009 motion also seeks relief beyond that permitted in an enforcement order. It argues the trial court cannot grant the relief the Trust seeks without making a substantial change in the agreed judgment or adding obligations to it. Thus, the State concludes, the trial court lacks jurisdiction to consider the motion. In support, the State cites *First Alief Bank v. White*, 682 S.W.2d 251 (Tex. 1984) (orig. proceeding, per curiam) and *Kenseth v. Dallas County*, 126 S.W.3d 584 (Tex.App.—Dallas 2004, pet. denied). Neither case supports the State's contention. In both cases, the appellate courts found orders entered by the trial courts exceeded their authority, but those determinations were made after the orders were entered. *First Alief Bank,* 682 S.W.2d at 251, 252 (mandamus review of order); *Kenseth,* 126 S.W.3d at 599-600 (review on appeal of orders signed outside plenary power). A trial court has both inherent and rule-given power to enforce its judgments. *See* Tex. R. Civ. P. 308; *Arndt v. Farris,* 633 S.W.2d 497, 499 (Tex. 1982) (orig. proceeding) (inherent enforcement power). If the trial court here enters an order on the Trust's motion that exceeds the court's authority, the error can be corrected on appeal, as occurred with the 2007 order.

With respect to the State's contention sovereign immunity deprives the trial court of jurisdiction to consider the Trust's motion to clarify and enforce the agreed judgment,[3] we find guidance in the supreme court's plurality opinion in *Texas A & M University–Kingsville v. Lawson,* 87 S.W.3d 518 (Tex. 2002). Lawson, a faculty

---

[3] Because immunity from suit affects the court's jurisdiction, it is properly raised in a plea to the jurisdiction. *Wichita Falls State Hosp. v. Taylor,* 106 S.W.3d 692, 696 (Tex. 2003).

member, sued the university alleging, among other things, violations of the Whistleblower Act.[4]  *Id.* at 518-19.  The parties reached a settlement.  Lawson released his claim and the case was dismissed with prejudice.  *Id.* at 519.  Later, Lawson sued the university alleging breach of the settlement agreement.  The university filed a plea to the jurisdiction claiming sovereign immunity.  *Id.*  It was denied and the order affirmed by the court of appeals.

On the university's petition for review, the supreme court noted:

> [W]hen a governmental entity is exposed to suit because of a waiver of immunity, it cannot nullify that waiver by settling the claim with an agreement on which it cannot be sued.  The government cannot recover waived immunity by settling without defeating the purpose of the waiver in the first place.

*Lawson,* 87 S.W.3d at 521.  It accordingly held, "[H]aving waived immunity from suit in the Whistleblower Act, the State may not now claim immunity from a suit brought to enforce a settlement agreement reached to dispose of a claim brought under that Act." *Id.* at 522-23.  To hold otherwise, "would limit settlement agreements with the government to those fully performed before dismissal of the lawsuit because any executory provision could not thereafter be enforced."  *Id.* at 521.

Here, the agreed judgment settled a suit in condemnation brought by the State against the Trust.  Article 1, section 17 of the Texas Constitution requires the condemnor in an eminent domain action make adequate compensation for the property

---

[4]  Tex. Gov't Code Ann. § 554.001-.010 (Vernon 2004).

taken.[5]   The Fort Worth Court of Appeals applied *Lawson* to the settlement of an eminent domain proceeding, holding a city was not immune from a subsequent action for breach of the settlement agreement.  *City of Carrollton v. Singer,* 232 S.W.3d 790, 800 (Tex.App.–Fort Worth 2007, pet. denied).   We also find the *Lawson* opinion provides a sufficient answer to the State's contention its agreed judgment settling its condemnation proceeding against the Trust cannot be judicially clarified or enforced because of sovereign immunity.[6]

The State makes other arguments in support of its sovereign immunity claim, including a contention the agreed judgment is so indefinite as to be unenforceable as a contract. But "[i]mmunity from suit does not turn on the validity of the settlement agreement sued on."  *Lawson,* 87 S.W.3d at 523.   As a dilatory plea, a plea to the jurisdiction should be decided without delving into the merits of the case.[7]  *Bland Ind. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000).   Moreover, none of the State's additional arguments convince us our application of *Lawson* here is mistaken.

We find the trial court did not err in overruling the State's plea to the jurisdiction on this ground, and so overrule the State's sole issue.

---

[5] In pertinent part, Article 1, section 17 of the Texas Constitution provides that "[n]o person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made . . . ."  Tex. Const. Art. I, § 17.

[6] That the Trust seeks clarification or enforcement of the agreed judgment in the same cause, rather than in a later-filed separate suit for breach as in *Lawson*, 87 S.W.3d at 523, and *Singer*, 232 S.W.3d at 794, further weakens the State's sovereign immunity claim.

[7] Accordingly, we do not consider, and express no opinion on, the correctness of the Trust's contentions regarding the meaning of the language of the agreed judgment.

Conclusion

The trial court's order denying the State's plea to the jurisdiction is affirmed.


                              James T. Campbell
                                  Justice