John M. REYNOLDS, et al., Appellants,

v.

Ronny HARRISON, et ux., Appellees.

No. 1509.

Court of Appeals of Texas,
Tyler.

May 27, 1982.

Rehearing Denied June 24, 1982.

Paul J. Chitwood, Dallas, for appellants.

James R. Hilliard, Lastelick, Anderson & Hilliard, Dallas, for appellees.

SUMMERS, Chief Justice.

This is an appeal from an order of the trial court extending the time for the parties to comply with a judgment for specific performance after such judgment became final.

We affirm.

Appellees Ronny Harrison and wife Cheryl Harrison (Harrisons) initially sued appellants John M. Reynolds and Armanda Hogg (Reynolds and Hogg) seeking specific performance of a real estate contract. After a hearing before the court on January 19, 1979, the court on September 13, 1979, signed a judgment, approved by both counsel, ordering Reynolds and Hogg as vendors and the Harrisons as vendees to specifically perform said contract for the sale of real estate within thirty (30) days after the entry of judgment. The judgment became final on the 13th day of October, 1979, and no appeal therefrom was taken by either of the parties.

Following entry of the September 13, 1979 judgment, Reynolds and Hogg designated the Snider Plaza Branch of Stewart Title Company to close the transaction, and thereafter on October 12, 1979, signed a warranty deed with vendor's lien, prepared by the title company, for delivery to the Harrisons upon a closing of the sales transaction. The Harrisons assert that various mitigating circumstances prevented the parties from closing the transaction within the 30-day period set forth in the judgment. The original draft of the closing documents (real estate lien note, deed of trust and warranty deed) prepared by the title company contained a number of errors, including the omission of the name of a party, erroneous reference to the parties and underlying mortgages, and some provisions not corresponding to the terms of the judgment. A correction was required in the

deed previously signed by Reynolds and Hogg. Following discussions between the parties and representatives of the title company and an informal conference with the court, the closing documents were corrected and Harrison's counsel attempted to arrange a closing at Stewart Title Company on Friday, November 16, 1979. At that time and place, the Harrisons executed all documents required to be executed by them and paid to the title company by cashier's check the sum of $8,237.40 which they assert represented the closing cost and all sums due Reynolds and Hogg for a November 1979 closing. Reynolds and Hogg did not authorize Stewart Title Company to release their warranty deed conveying the property to the Harrisons.

On May 29, 1980, the court held hearings on two motions filed herein by the Harrisons seeking (1) to hold Reynolds and Hogg in contempt for their failure to deliver an owner's title policy and a warranty deed conveying the property to the Harrisons pursuant to the judgment for specific performance and (2) to correct alleged misrecitals in the prior judgment of September 13, 1979. At the conclusion of the hearing, the court on June 6, 1980, overruled both motions and further ordered:

> ... that no later than June 12, 1980, all parties shall comply with the terms of the final judgment entered herein on September 13, 1979, and the sales transaction contemplated thereby shall be closed.

Appellants contend in a single point of error that the court's order of June 6, 1980, is void for want of jurisdiction as an amendment of the September 13, 1979, judgment for specific performance. We disagree.

Although the court's jurisdiction over the subject matter and the parties is generally exhausted after a judgment becomes final, the entry of other orders not inconsistent with the adjudication may be made in a proper case. 33 Tex.Jur.2d Judgments § 147 (1962); *Ex parte Lohmuller*, 103 Tex. 475, 129 S.W. 834 (1910); *Flannery v. Eblen*, 106 S.W.2d 837, 839 (Tex.Civ.App.—Amarillo 1937, writ dism'd). A court has inherent authority at any time to direct such process or make such orders as may be necessary to carry its judgment into execution. Tex.R.Civ.P. 308 specifically directs that the court shall cause its judgments and decrees to be carried into execution.

An exception to the general rule prohibiting the amendment of a judgment after the same becomes final is set forth in 49 C.J.S. Judgments § 238, page 454 as follows:

> Likewise directions for carrying a judgment into effect, which do not change or modify the judgment with respect to matters put in issue and determined by the judgment, may be inserted or modified by amendment.

Other authorities recognizing this kind of amendment to a final judgment include: *Lesser & Son v. Seymour*, 35 Cal.2d 494, 218 P.2d 536, 539–40 (1950); *Gibson & River Farms Co. of California*, 49 Cal.App.2d 278, 121 P.2d 504, 507–08 (1942); *State ex rel. Maple v. Mulloy*, 322 Mo. 281, 15 S.W.2d 809, 814 (1929); *Los Angeles Auto Tractor Co. v. Superior Court*, 94 Cal.App. 433, 271 P. 363, 366 (1928); *Tyler v. Shea*, 4 N.D. 377, 61 N.W. 468, 472 (1894); 81A C.J.S. Specific Performance, § 215; 1 Freeman on Judgments, 5th Ed. Amending Judgments § 142.

In *Gibson*, it was held that the court, as in the instant case, had the power to make an order extending the time within which, by the terms of a judgment for specific performance, payment of the purchase money and delivery of title papers to land might be made.

In *Los Angeles Auto Tractor Co.*, the time for making a designated payment was extended several successive times. It was held that these orders did not constitute a material change in substantial adjudicated portions of the judgment, but that they merely applied to procedural matters intended to accomplish the enforcement of the judgment and constituted a valid exercise of jurisdiction retained by the court.

The case of *Bennett v. Copeland*, 149 Tex. 474, 235 S.W.2d 605 (1951), cited in appellant's brief, is distinguishable because that

case was concerned with the question as to whether the contract was subject to specific performance. It did not involve a subsequent order of the court extending the time for the parties to comply with a final judgment for specific performance.

We consider Harrisons' motion to hold Reynolds and Hogg in contempt for their failure to deliver the deed pursuant to the court's judgment was in effect a motion for enforcement of the judgment. A full hearing was held thereon with all parties and their counsel present.[1] We hold that the court's order, in response thereto, extending the time for the performance of the judgment for specific performance to June 12, 1980, was a reasonable and valid exercise of his power to enforce his judgment under the circumstances of the case and that it did not represent an abuse of discretion. Appellants' point of error is overruled.

Judgment of the trial court is affirmed.

---

1. At this hearing, Mrs. Harrison testified that each month since November 1979, the Harrisons have mailed a check to Mrs. Hogg in the amount of the monthly payments; that such checks have not been returned nor negotiated; and that Mrs. Hogg has never advised the Harrisons she was not going to accept the payments. Harrisons' attorney, James Hilliard testified:

... in all my conversations with Mr. Giltner or Mr. Armstrong [appellants' counsel] there was an understanding that as soon as the documents were ready for my clients' signatures, and were in proper form according to the judgment, the money would be tendered to the title company.

\* \* \* \* \* \*

... it was either the next day or that afternoon [after an informal conference by counsel with the court], we went to the title company and paid this amount, and at no time did anyone advise me that the deed was not going to be delivered when those funds were paid into the title company.