**G.B. GREINER, H. David Tullos, and Southland Oil Partners, Inc., Appellants,**

v.

**Carl E. JAMESON and William D. Brosseau, Appellees.**

No. 05–92–01169–CV.

Court of Appeals of Texas, Dallas.

Sept. 9, 1993.

Rehearing Denied Oct. 21, 1993.

Mike O'Brien, Houston, Bruce W. Bowman, Jr., Charles V. Serafino, Dallas, for appellants.

Scott Henderson, Martin R. Griffin, George H. Barber, David L. Peavler, Dallas, for appellees.

Before BAKER, LAGARDE and BARBER, JJ.

## OPINION

BAKER, Justice.

This appeal involves a postjudgment order imposing sanctions against G.B. Greiner, H. David Tullos, and Southland Oil Partners, Inc. (collectively Greiner) for failure to pay a money judgment and dismiss certain litigation pending in Louisiana. Greiner contends the trial court abused its discretion in order-

ing monetary sanctions. Greiner claims they were excessive and improper and no rule or statute authorized the sanctions. Greiner also contends that the sanctions order exceeded the limits of the trial court's judicial power and is void. We conclude the trial court abused its discretion and exceeded its inherent judicial powers by the entry of the sanctions order. We reverse the trial court's order and render judgment that Jameson and Brosseau take nothing.

## THE PROCEDURAL BACKGROUND

### A. The Rule 11 Agreement

Argos Properties, Inc. sued Greiner in 1988. Greiner filed a third party claim against Carl E. Jameson and William D. Brosseau. The court realigned Jameson and Brosseau as plaintiffs in the lawsuit. In June 1991, the parties appeared for trial and announced the terms of a settlement in open court.

The transcript reflects the rule 11 agreement between the parties was that Greiner would pay $10,000 each to Jameson and Brosseau. Greiner also agreed to pay formal court costs of no more than $5000 upon proper documentation. Greiner agreed to pay the $20,000 within 120 days of the date of the agreement. Additionally, the parties agreed to dismiss or settle all other litigation whether pending in Louisiana or Texas. The transcript further reflects that Greiner's attorney stated on the record he had consulted his clients. The attorney said Greiner agreed to the settlement dictated into the record by Jameson and Brosseau's attorney. The court questioned the parties, who said they understood and agreed with the settlement.

### B. The Agreed Judgment

In early October 1991, Jameson and Brosseau informed the court that Greiner had breached the June 1991 rule 11 agreement. Greiner had not paid the amounts due to Jameson and Brosseau and had not dismissed the Louisiana litigation. Jameson and Brosseau asked the court to enter the judgment for $75,000 as provided in the rule 11 agreement because of Greiner's default under the agreement.

On November 8, 1991, the trial court entered a judgment against Greiner. The judgment recited that it was an agreed judgment following the rule 11 agreement of the parties. The judgment ordered that:

(1) Greiner pay Jameson and Brosseau the net sum of $73,500; and

(2) all other claims, counterclaims, demands and/or lawsuits involving and/or by and between [Brosseau], [Jameson], C. Jameson, Inc., Argo's Properties, Inc., G.B. Greiner, David Tullos, and Southland Oil & Gas Corporation are settled and all pending claims, counterclaims, demands, and lawsuits are ordered to be immediately dismissed, with prejudice, by each party asserting such claims, counterclaims, demands and/or lawsuits, including but not limited to claims, counterclaims, and demands of the above-named parties in Cause No. 66032, filed in the 16th Judicial Court of Iberia [sic] Parish, Louisiana and in Cause No. 71,042 filed in the District Court of Louisiana.

### C. The Motion for Sanctions

In December 1991, Argos Properties, Inc. and Brosseau filed a motion for sanctions against Greiner. The motion referred to the June 1991 rule 11 agreement and asserted:

[The settlement agreement] required that both [appellees] and Greiner immediately dismiss with prejudice all lawsuits pending against each other including but not limited to those pending in Dallas County, Texas, and New Iberia Parish, Louisiana.... The settlement agreement further required [Greiner] to dismiss all pending litigation, civil or otherwise against [appellees] and to pay [appellees], each, the total sum of ... $10,000. The payments were to be paid in full within one hundred twenty days of June 4, 1991.... the settlement agreement were further secured by [Greiner's] agreement to have a judgment of ... $75,000 entered against them should they fail to comply with any of the terms of the settlement....

The motion further claimed that Greiner's failure to make the payments and dismiss the

litigation was intentional. In the motion, Argos and Brosseau asked that:

> [Greiner] be compelled to comply with their June 4, 1991, sworn agreement as reflected by this Court's judgment of November 8, 1991. More specifically, that this Court order and compel [Greiner], directly or through their agents, attorneys or representatives [sic] immediately take all actions necessary to dismiss with prejudice cause numbers 71,042–D and 66032–C [in Iberia] [sic] Parish, [Louisiana] and be further compelled to execute the attached form of releases of these claims. Further that this Court immediately enter an order sanctioning [Greiner] in the amount of ... [$50,000] and enter a continuing sanction of ... [$1,000 per day] for each day subsequent to the entry of this Court's order in which [Greiner] failed to fully comply therewith.

Attached to the motion was a form of release. The release called for Greiner as well as Southland Oil Corporation and Southland Oil and Gas Corporation (which were not parties to the litigation) to release various persons from liability. The release included Brosseau, Jameson, and Argos Properties, Inc. However, the release also named other persons or entities not mentioned in the pleadings or the settlement agreement. These additional persons included Teresa L. Brosseau, Argos Energy, Inc., C. Jameson, Inc., and the "respective predecessors, affiliates, partners, spouses, officers, directors, shareholders, employees, agents, heirs, assignees, representatives, parent, subsidiary and/or affiliate entity [sic]."

### D. The Sanctions Order

The trial court heard the motion for sanctions on January 24, 1993. The trial court entered the sanctions order on that day. The trial court found the parties entered into a settlement agreement in June 1991 which required Greiner to pay a total of $20,000 within 120 days and dismiss other litigation pending between the parties. The court found that Jameson and Brosseau had complied with, and Greiner had knowingly and intentionally failed to comply with, the terms of the rule 11 agreement made in open court.

The court found that Greiner had not paid the monetary amount of the November agreed judgment. The court found that Greiner had not dismissed the two Louisiana lawsuits listed in the motion.

The trial court ordered Greiner to pay Jameson and Brosseau $50,000 in sanctions, dismiss the two Louisiana lawsuits, and execute the release of claims attached to the order. The court further ordered that if Greiner did not fully comply with the sanctions order immediately, additional sanctions of $1000 per day payable to Jameson and Brosseau would issue for each day of non-compliance.

### THE PARTIES' CONTENTIONS

#### A. Greiner's Contentions

In the first four points of error, Greiner contends the trial court abused its discretion in granting monetary sanctions in the order because: (1) the amount was excessive and improper; (2) Greiner did not violate any discovery or pretrial orders; and (3) the law does not authorize the sanctions. In points of error five and six, Greiner contends the trial court erred in signing the order because it violates the parties' rule 11 agreement. In its seventh point of error, Greiner contends the trial court erred in entering the sanctions order because the agreed judgment is void. Greiner contends the judgment is void because it does not follow the rule 11 agreement.

#### B. Jameson and Brosseau's Contentions

Jameson and Brosseau contend the trial court's order is valid because it had the authority to impose the sanctions under rule 308 of the Texas Rules of Civil Procedure. Jameson and Brosseau also contend that the order is valid because of the trial court's inherent power to enforce its judgments.

### THE APPLICABLE LAW

#### A. Standard of Review

##### 1. Review of Legal Issues

The facts are not in dispute. The issue is one of law alone—whether the trial

court had legal authority to enter the sanctions. On appeal, we determine whether the trial court had the authority to act as it did. We treat the trial court's application of law to the facts with less deference than the trial court's findings of fact. *See Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992) (orig. proceeding).

### 2. Abuse of discretion

■ The trial court has broad discretion in enforcing its judgments. *Young v. Young*, 810 S.W.2d 850, 851 (Tex.App.—Dallas 1991, writ denied). We review the trial court's order using an abuse of discretion standard. *See Reynolds v. Harrison*, 635 S.W.2d 845, 847 (Tex.App.—Tyler 1982, writ ref'd n.r.e.). The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present a proper case for the trial court's action. Rather, the question is whether the court acted without reference to any guiding rules or principles. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).

■ If the trial court acts in an arbitrary or unreasonable manner, it abuses its discretion. *Loftin v. Martin*, 776 S.W.2d 145, 146 (Tex.1989). The trial court does not necessarily abuse its discretion if, under the same facts, an appellate judge would decide the matter differently or if the court commits a mere error in judgment. *Loftin*, 776 S.W.2d at 146; *Southwestern Bell Tel. v. Johnson*, 389 S.W.2d 645, 648 (Tex.1965). To determine the trial judge's guiding rules and principles in imposing sanctions, we look to statutes, rules, and decisions of appellate courts of this state and of the United States. *See Downer*, 701 S.W.2d at 242.

■ To support a reversal of the trial court's actions, the trial court's imposition of the requested sanctions must amount to such a denial of an appellant's right as was reasonably calculated to cause, and probably did cause, rendition of an improper judgment. *See* TEX.R.APP. P. 81(b)(1); *Bruner v. Exxon Co., U.S.A.*, 752 S.W.2d 679, 682 (Tex.App.—Dallas 1988, writ denied).

### B. The Enforcement of Judgments

#### 1. Rules, Codes, and Statutes

Rule 308 of the Texas Rules of Civil Procedure provides the court shall cause its judgments and decrees to be carried into execution. *See* TEX.R.CIV.P. 308; *Reynolds*, 635 S.W.2d at 846.

■ The court may enforce a judgment by using various rules and statutes. The court may order execution. *See* TEX.R.CIV.P. 622; TEX.CIV.PRAC. & REM.CODE ANN. § 34.001 (Vernon 1986). The court may order attachment. *See* TEX.R.CIV.P. 592; TEX.CIV.PRAC. & REM.CODE ANN. § 61.021 (Vernon 1986). The court may order garnishment. *See* TEX. R.CIV.P. 658; TEX.CIV.PRAC. & REM.CODE ANN. § 63.001 (Vernon 1986). The court may order postjudgment turnover of a judgment debtor's property. *See* TEX.R.CIV.P. 621a; TEX.CIV.PRAC. & REM.CODE ANN. § 31.002 (Vernon 1986).

The trial court also may enforce its judgments through orders of contempt, TEX.GOV'T CODE ANN. § 21.002 (Vernon 1988); *see Ex parte Pryor*, 800 S.W.2d 511, 512 (Tex.1990); and by issuing orders that are necessary or proper in aid of its jurisdiction. *See* TEX. GOV'T CODE ANN. § 21.001(a) (Vernon 1988).

■ Finally, the court has statutory authority to penalize the delay of payment of a money judgment by the imposition of interest for the detention of the money. *See* TEX.REV.CIV.STAT.ANN. art. 5069–1.05, § 2 (Vernon 1991).

#### 2. Inherent Power

■ A particular court's jurisdiction is that part of the judicial power that the Texas Constitution and statutes expressly authorize the court to exercise. *Morrow v. Corbin*, 122 Tex. 553, 62 S.W.2d 641, 644 (1933). In addition to the express grants of judicial power to each court, there are other powers which courts may exercise though not expressly authorized or described by constitution or statute. The Texas Supreme Court categorizes these additional powers as "implied" and "inherent" powers. *See Eichelberger v. Eichelberger*, 582 S.W.2d 395, 398 (Tex.1979). A court does not derive its in-

herent judicial power from legislative grant or specific constitutional provision but from the very fact that the state constitution has created and charged the court with certain duties and responsibilities. The inherent powers of a court are those that it may call upon to aid in the exercise of its jurisdiction, in the administration of justice, and in the preservation of its independence and integrity. *Eichelberger,* 582 S.W.2d at 398.

 Every court having jurisdiction to render a judgment has the inherent power to enforce its judgments. *Arndt v. Farris,* 633 S.W.2d 497, 499 (Tex.1982, orig. proceeding). That power is part of the court's jurisdiction, and the court may employ suitable methods to enforce its jurisdiction. *Arndt,* 633 S.W.2d at 499; *Hunt Prod. Co. v. Burrage,* 104 S.W.2d 84, 86 (Tex.Civ.App.—Dallas 1937, writ dism'd). The trial court has broad discretion in the method it employs to enforce its judgments. *Young,* 810 S.W.2d at 851. However, a trial court's inherent power is not without limitation. *See Shook v. Gilmore & Tatge Mfg. Co.,* 851 S.W.2d 887, 891 (Tex.App.—Waco 1993, writ denied).

### 3. Limitations on Inherent Power

 A trial court's power to vacate, modify, correct, or reform a judgment exists for thirty days after the court signs the judgment or until thirty days after the court overrules all timely motions. *See* Tex. R.Civ.P. 329b(d), (e); *McGehee v. Epley,* 661 S.W.2d 924, 925 (Tex.1983). When the effect of a sanction is to modify the judgment, the court must impose the sanction within the period of the court's plenary jurisdiction. *See Crawford v. Kelly Field Nat'l Bank,* 724 S.W.2d 899, 901 (Tex.App.—San Antonio 1987, no writ).

 Inherent power to sanction exists where necessary to deter, alleviate, and counteract bad faith abuse of the judicial process. *See Kutch v. Del Mar College,* 831 S.W.2d 506, 510 (Tex.App.—Corpus Christi 1992, no writ). For inherent power to apply, there must be evidence and findings that the alleged bad faith abuse significantly interfered with the court's legitimate exercise of one of its core powers such as the entry and en-

forcement of a final judgment. *See Kutch,* 831 S.W.2d at 510.

 Due process limits a court's inherent power to sanction. *Tate v. Commodore County Mut. Ins. Co.,* 767 S.W.2d 219, 225 (Tex.App.—Dallas 1989, writ denied). Sanctions must be just. *TransAmerican Natural Gas Corp. v. Powell,* 811 S.W.2d 913, 917 (Tex.1991). We measure whether the imposition of a sanction is just by two standards. First, there must be a direct relationship between the offensive conduct and the sanction imposed. Second, just sanctions must not be excessive. *TransAmerican,* 811 S.W.2d at 917; *Koslow's v. Mackie,* 796 S.W.2d 700, 703–04 n. 1 (Tex.1990).

 A district court should exercise its authority to impose sanctions cautiously and judiciously. *See Braden v. Downey,* 811 S.W.2d 922, 930 (Tex.1991). The amorphous nature of a trial court's inherent power to sanction and its potency demands sparing use. A sanction that is so excessive that it has a chilling effect on a party's right to seek appellate relief and effectively denies an appellate court its lawful jurisdiction of an appeal is an abuse of discretion. *See Wolma v. Gonzalez,* 822 S.W.2d 302, 304 (Tex.App.—San Antonio 1991, orig. proceeding); *Crawford,* 724 S.W.2d at 901. The best practice is to rely upon the rules and statutes expressly authorizing sanctions whenever possible. *Kutch,* 831 S.W.2d at 510.

### APPLICATION OF LAW TO THE FACTS

The motion for sanctions did not specify what authority Jameson relied upon in requesting the court to enter monetary sanctions against Greiner, dismiss the Louisiana litigation, and execute the release attached to the sanctions motion. The trial court's sanctions order does not indicate under what authority the trial court imposed the sanctions.

### A. The Monetary Sanctions

 In the sanctions order, the trial court found that Jameson and Brosseau complied with, and Greiner knowingly and intentionally failed to comply with, the rule 11

agreement. The court found Greiner had not paid the $75,000 agreed judgment. The trial court found Greiner had not dismissed the two Louisiana lawsuits. The trial court then ordered Greiner to pay Jameson $50,000 in sanctions and further ordered additional sanctions of $1000 per day payable to Jameson for each day Greiner failed to comply. The trial court imposed the monetary sanctions because Greiner knowingly and intentionally did not comply with the settlement agreement, had not paid the $75,000 monetary judgment, and had not dismissed the two Louisiana lawsuits.

We cannot uphold the imposition of these monetary sanctions under the authority of a violation of any rule of civil procedure about pleading, pretrial, or discovery. *See* Tex. R.Civ.P. 13, 166, 215; *Shook,* 851 S.W.2d at 891. Accordingly, we can sustain the court's authority to impose the monetary sanctions only if authorized either by rule 308 of the Texas Rules of Civil Procedure or the trial court's inherent power.

In our review of reported cases relying on rule 308 as the authority for the trial court's action, none involve the imposition of monetary sanctions for the failure to pay a money judgment. *See Young,* 810 S.W.2d at 851 (clarification order on the appointment of a receiver); *Various Opportunities, Inc. v. Sullivan Invs., Inc.,* 677 S.W.2d 115, 116 (Tex.App.—Dallas 1984, no writ) (specific performance of a contract incorporated into a judgment); *Reynolds,* 635 S.W.2d at 846 (extension of time for specific performance of a real estate contract); *Ex parte Myrick,* 474 S.W.2d 767, 768 (Tex.Civ.App.—Houston [1st Dist.] 1971, orig. proceeding) (judgment of contempt with order of confinement and fine of $100).

These cases demonstrate that the traditional use of rule 308 for enforcement of judgments does not extend to the imposition of monetary sanctions for a judgment defendant's failure to pay the monetary judgment. We hold rule 308 of the Texas Rules of Civil Procedure does not furnish the trial court authority to impose monetary sanctions under the circumstances in this case.

■ We also conclude that the trial court's inherent power to enforce its judg-ments does not extend to the imposition of monetary sanctions for the failure to pay a money judgment. The penalty for nonpayment of a money judgment is the imposition of interest until the judgment debtor pays the judgment. *See* Tex.Rev.Civ.Stat.Ann. art. 5069–1.05, § 2 (Vernon 1991). The trial court's sanctions order finds only intentional failure to pay the money judgment and does not find bad faith abuse of judicial process. We believe that a trial court's inherent power to enforce its judgment does not extend to the imposition of a fine either in lump sum or on a daily basis against a judgment defendant for that party's failure to pay a money judgment. We conclude that the trial court's imposition of the lump sum and daily fines was arbitrary and capricious. The monetary sanctions are improper. The trial court abused its discretion by ordering those sanctions.

## B. Dismissal of the Louisiana Litigation

■ The second part of the court's sanction order required Greiner to dismiss the two Louisiana lawsuits. This order echoes the trial court's November judgment. Greiner has appealed this judgment. Our Court had exclusive plenary jurisdiction over that judgment once Greiner perfected the appeal. *See Crawford,* 724 S.W.2d at 900. While an appeal is pending in this Court, the trial court may not exercise any power to alter or modify the judgment except as permitted under rule 329b(d). Rule 329b(d) allows the trial court to grant a new trial or modify the judgment within thirty days after the court signs the judgment. Tex.R.Civ.P. 329b(d). The trial court entered the sanctions order outside of the thirty-day limitation imposed by rule 329b(d).

To permit the trial court to order Greiner to specifically perform the appealed judgment effectively undermines Greiner's right to seek appellate relief and denies this Court its lawful jurisdiction of the appeal. *Wolma,* 822 S.W.2d at 304. We hold the trial court's sanction order requiring Greiner to dismiss the Louisiana litigation was an improper order and an abuse of the trial court's discretion.

### C. The Release

 The third part of the trial court's sanction order required Greiner to execute a release attached to the order. This part of the order is an untimely modification of the November judgment. *See* TEX.R.CIV.P. 329b(d); *Wolma,* 822 S.W.2d at 304. The order also requires Southland Oil Corporation and Southland Oil & Gas Corporation, who are not parties to this litigation, to release various persons and entities from liability. The release also includes persons and entities not named in the pleadings or in the rule 11 agreement. We conclude the trial court's order violates rule 329b(d) and therefore was arbitrary and capricious. *See* TEX. R.CIV.P. 329b(d); *Wolma,* 822 S.W.2d at 304; *Crawford,* 724 S.W.2d at 901. We hold the trial court abused its discretion in the entry of this part of the sanction order. We sustain Greiner's points of error one through four.

Because of the disposition we make of Greiner's points of error one through four, we need not discuss Greiner's points of error five and six which contend the sanction order violates the rule 11 agreement.

### COLLATERAL ATTACK

 In its point of error seven, Greiner contends the trial court erred in signing the sanction order because the November 1991 judgment is void. Greiner argues the judgment is void because it does not correspond with the rule 11 settlement agreement.

 A judgment is void when the trial court lacks: (1) jurisdiction of the parties or property; (2) jurisdiction of the subject matter; (3) jurisdiction to enter the judgment; or (4) the capacity to act as a court. *Browning v. Placke,* 698 S.W.2d 362, 363 (Tex.1985, orig. proceeding). All other errors render a judgment voidable. A voidable judgment is not subject to collateral attack, and a party may only challenge it on direct appeal. *Bakali v. Bakali,* 830 S.W.2d 251, 254 (Tex. App.—Dallas 1992, no writ). An order that does not accurately reflect the judgment rendered by a court is not a nullity. *See Bakali,* 830 S.W.2d at 254; *Hogue v. Coit,* 196

S.W.2d 346, 348 (Tex.Civ.App.—Fort Worth 1946, writ ref'd n.r.e.).

The trial court's sanctions order is not void merely because it does not comport with the agreement of the parties. *See Bakali,* 830 S.W.2d at 254. Greiner may not collaterally attack the November agreed judgment in this appeal. *See Bakali,* 830 S.W.2d at 254. That judgment is the subject of a separate direct appeal. We overrule Greiner's seventh point of error.

We reverse the trial court's sanction order in its entirety and render judgment that Jameson and Brosseau take nothing from Greiner.