[COMMENT1] 

 

 

 

 

 

                                      COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-05-274-CV

 

 

IN RE TARRANT COUNTY                                                        RELATOR

 

 

 

                                              ------------

 

                                    ORIGINAL
PROCEEDING

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I.                   
Introduction

            Tarrant County seeks a writ of mandamus directing the
trial court to vacate an order appointing an Aassistant@ surveyor and a writ of prohibition
precluding the trial court from taking any future action in the underlying
case.  We conditionally grant the writ of
mandamus but deny the writ of prohibition.

 








II.                
Procedural
Background

            In 1997, Tarrant County sued Denton County to establish
their common boundary line.  In 2002, we
reversed a trial court judgment for Denton County, rendered judgment in favor
of Tarrant County, and remanded with instructions to the trial court to declare
the true boundary line, as declared in our opinion, and to have the boundary
line resurveyed.  See Tarrant
County v. Denton County, 87 S.W.3d 159, 179-80 (Tex. App.CFort Worth 2002, pet. denied).  On remand, the trial court signed a modified
and corrected judgment dated April 6, 2004.[2]  The modified and corrected judgment contained
the following paragraphs:

4.         The survey required by this Modified and Corrected Final
Judgment shall be performed by Garey W. Gilley . . . , assisted by Brookes
Baker Surveyors, P.C., and such other surveyors as may be appointed by this
Court. . . .

. . . . 

 

7.         As part of such survey, Garey W. Gilley shall prepare field
notes and a plat which shall be filed among the other papers in this case. . .
.

 








8.         After the field notes and plat have been filed in this case,
the District Clerk of Parker County is instructed to file certified copies of
this [judgment] and the field notes of the boundary line . . . with the . . .
General Land Office and the County Clerks of Tarrant and Denton Counties with
instructions to the County Clerks that the field notes of the boundary are to
be filed in the real property records of their respective counties. 

 

On May 9, 2005, on Denton County=s motion and over Tarrant County=s objection that the survey was nearly
complete, the trial court signed an Aorder
appointing additional surveyor,@
stating:

It
is therefore ordered that . . . in accordance with the final judgment, W.C. Wilson
. . . be appointed to assist Gar[e]y Gilley in the resurveying of the boundary,
and as such shall have the opportunity to reconfirm and verify the work,
calculations, placement, and monumentation of the boundary as [o]rdered by
the Court. 

 

(Emphasis added.)

On June 29, 2005, Gilley
filed his survey plat, field notes, and certificate of the completed survey
under paragraph seven of the modified and corrected judgment and mailed a copy
to W.C. Wilson.  That same day, the Parker
County District Clerk forwarded the documents to the Commissioner of the
General Land Office for filing under paragraph eight of the judgment. 








Denton County filed a motion
to Asuspend effectiveness of prematurely filed field notes and plat of
survey@ on July 12, complaining that Gilley failed to give Wilson the
opportunity to Areconfirm
and verify@ his work as
required by the trial court=s May 9 order.  The trial court
conducted a non-evidentiary hearing on July 15. 
At the hearing, the trial court stated:

As far as suspending anything, I=m not
suspending anything.  But the record=s
going to be very clear that I have not approved of the surveys that have been
filed, and that I do not consider that the filing by Mr. Gilley was done in
accordance with my May 9th Order.

 

And so therefore, anybody who uses that and
relies upon that does so at their risk. 
And until I hear back [from] Mr. Wilson and potentially have a ‑‑
an evidentiary hearing as to why he disagrees, then nobody can rely on those
marks.  And that=s
where we are.

 

Now, is there an order that says that?  No. 
But I=m
just telling you that=s ‑‑
for the record, that=s my
own interpretation of my own orders.  And
I say plural, orders.  So that=s the
status, and that=s the
reason we=re
here today. 

 

The trial court set the matter for an evidentiary
hearing on August 5.  In the meantime,
Tarrant County filed this original proceeding. 
We stayed the August 5 hearing pending the outcome of this proceeding.

III.              
Discussion








            Tarrant
County argues that the May 9 order is void and unenforceable because:  (1) the trial court lacked jurisdiction to
modify its final judgment due to the passage of time, (2) the trial court lacked
jurisdiction to enforce its judgment by methods other than those specified in
the statutes governing the suit, and (3) the trial court lacked jurisdiction to
collaterally attack the General Land Office=s
decision to accept, approve, and file Gilley=s
field notes and survey.[3]  Denton County responds that Tarrant County
waited too long to challenge the May 9 order appointing the Aassistant@
surveyor, that the appointment of the assistant surveyor was within the trial
court=s
inherent jurisdiction to enforce its final judgment, and that the trial court
has not collaterally attacked the actions of the General Land Office.

A.              
Standard
of review

        In deciding whether a
writ of mandamus is appropriate, we recognize that mandamus will issue only to
correct a clear abuse of discretion or the violation of a duty imposed by law
when there is no other adequate remedy at law. 
Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992) (orig.
proceeding).








Ordinarily, mandamus will not
issue unless relator lacks an adequate appellate remedy.  In re Van Waters & Rogers, Inc.,145
S.W.3d 203, 210-11 (Tex. 2004) (citing Walker, 827 S.W.2d at 839).  But where a trial court=s order is void for lack of jurisdiction, the trial court has abused
its discretion and the relator need not show that it does not have an adequate
remedy by appeal.  In re Sw. Bell Co.,
35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding).  Thus, the key question here is whether the
trial court had jurisdiction to appoint the second surveyor.  If it did not, then the order is void and
Tarrant County is entitled to mandamus relief as a matter of law.

B.                
Trial court=s jurisdiction to appoint Aassistant@ surveyor

            A trial court loses plenary power over its judgment
thirty days after signing it.  See Tex. R. Civ. P. 329(b).  Thereafter, the trial court has the inherent
power to Acause its
judgments and decrees to be carried into execution.@  Tex.
R. Civ. P. 308; Bridas Corp. v. Unocal Corp., 16 S.W.3d 887, 889
(Tex. App.CHouston
[14th Dist.] 2000, pet. dism=d).  An order to enforce a judgment must not be
inconsistent with the original judgment and must not constitute a material
change in substantial adjudicated portions of the judgment.  Harris County Appraisal Dist. v. West, 708
S.W.2d 893, 896 (Tex. App.CHouston
[14th Dist.] 1986, orig. proceeding).  An order that does so is void.  See id. at 897.

In this case, the trial court=s April 6, 2004 judgment appointed Gilley to perform the survey, Aassisted by . . . such other surveyors as
may be appointed by this Court.@ (Emphasis added.)  The trial
court=s plenary power to modify the judgment expired on May 6, 2004 (no
motions that would extend the court=s plenary power appear in the record).








AAssist@ means Ato give
support or aid@ or Ato be present as a spectator.@ 
Webster=s Ninth New Collegiate Dictionary 109 (2002).  The trial court=s May 9, 2005 order granting Wilson the opportunity to Areconfirm and verify [Gilley=s] work, calculations, placement, and monumentation@ went far beyond the definition of Aassist.@  In essence, the trial court gave Wilson the power
to challenge, approve, or reject Gilley=s work, not merely to support, aid, or spectate.  As such, the May 9 order was inconsistent
with the judgment, materially changed a substantial adjudicated portion of the
judgment, and exceeded the trial court=s inherent authority to enforce the judgment.  After the trial court=s plenary power over the judgment expired, it lacked jurisdiction to
modify the judgment as it attempted to do with its May 9 order.  See
First Alief Bank v. White, 682 S.W.2d 251, 252 (Tex. 1984); Tex. R. Civ. P. 329b (providing that
trial court=s plenary
power to modify a judgment expires thirty days after the judgment is signed).

Denton County correctly
observes that A[n]othing in
the  . . . judgment limits the trial
court=s power to appoint additional surveyors to instances where . . .
Gilley feels the need for assistance,@ but the judgment does limit the trial court=s power to appoint additional surveyors to oversee and approve Gilley=s work.  The trial court lacked
jurisdiction to grant Wilson such sweeping powers.  The May 9 order, therefore, is void to the
extent that it granted Wilson the power to do anything other than assist
Gilley.








We note that because Gilley
has completed the survey and monumentation of the county line and filed his
survey and field notes with the General Land Office, there is no need for
another surveyor to assist him with the survey. 
To the extent that the trial court had the jurisdiction to appoint
another surveyor to assist Gilley, the May 9 order is moot.








Denton County argues that
Tarrant County is barred by laches from complaining of the May 9 order because
Tarrant County waited until the end of JulyCsome two and a half monthsCto challenge the order by application for writ of mandamus.  Although mandamus is not an equitable remedy,
its issuance is largely controlled by equitable principles.  In re Bahn, 13 S.W.3d 865, 871 (Tex.
App.CFort Worth 2000, orig. proceeding). 
One such principle is that equity aids the diligent and not those who
slumber on their rights.  Id.  The party asserting the affirmative
defense of laches must show both an unreasonable delay by the other party in
asserting its rights and harm resulting to it because of the delay.  Id. 
An unexplained delay of several months is grounds for denying a
petition for writ of mandamus.  See
Rivercenter Assocs. v. Rivera,  858
S.W.2d 366, 367 (Tex. 1993) (orig. proceeding). 
Tarrant County explains the delay in this case by noting that the full
effect of the May 9 order was not apparent until the July 15 hearing when the
trial court interpreted the order and explained what it required of
Gilley.  Under the circumstances
presented by this case, we hold that Tarrant County=s two-and-a-half-month delay in seeking mandamus relief was neither
unreasonable nor unexplained.

Because the trial court
lacked jurisdiction to appoint another surveyor to oversee and approve Gilley=s work, rather than simply assist Gilley with the survey, its May 9,
2005 order is void.

IV.             
Conclusion

            Having
determined that the trial court lacked jurisdiction to issue its May 9, 2005
order, we lift the August 3, 2005 stay that we previously ordered in the
underlying cause and conditionally grant a writ of mandamus directing the trial
court to vacate its May 9, 2005 order. 
Because we are confident that the trial court will vacate the order, our
writ will issue only if the trial court fails to do so.  We deny Tarrant County=s
petition for writ of prohibition without opinion.  See Tex.
R. App. P. 52.8(d).  

 

 

ANNE GARDNER

JUSTICE

 

PANEL A:       CAYCE, C.J.; LIVINGSTON and GARDNER, JJ.

 

LIVINGSTON,
J. filed a dissenting opinion.

 

DELIVERED:  December 12, 2005

 











 
 
 
 
 
 
 




                                                                              

 

 

 

 

 

                                      COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-05-274-CV

 

 

IN RE TARRANT COUNTY                                                                     

                                                                                                        

 

                                              ------------

 

                                    ORIGINAL PROCEEDING

 

                                              ------------

 

                                   DISSENTING
OPINION

 

                                              ------------

I respectfully dissent to the
majority=s conclusion that the trial court=s May 9, 2005 AOrder
Appointing Additional Surveyor@ is void.  The trial court
signed that order as a result of Denton County=s April 18, 2005 ADefendant=s Motion
Requesting Additional Surveyor.@  As noted by Denton County in
its motion, the trial court=s prior AModified and
Corrected Final Judgment@ signed on April
6, 2004 contains language specifically authorizing the trial court to
undertake the action of which Tarrant County now complains:








4.  The survey required by this Modified and
Corrected Final Judgment shall be performed by Garey W. Gilley, RPLS, LSLS,
assisted by Brookes Baker Surveyors, P.C. and such other surveyors as may be
appointed by this Court.

The AOrder Appointing Additional Surveyor@ states, AThe judgment
provided that Mr. Gilley was to be assisted by Brookes Baker Surveyors, P.C.,
and such other surveyors as may be appointed by the Court,@ and continues,

IT IS THEREFORE ORDERED that
after having considered the Defendant=s [Denton County=s] Motion,
the Court has concluded that its request be granted and, that in accordance
with the final judgment, W.C. Wilson, Jr., L.S.L.S. be appointed to assist Gary
[sic] Gilley in the resurveying of the boundary, and as such shall have the
opportunity to reconfirm and verify the work, calculations, placement, and
monumentation of the boundary as Ordered by the Court.

The majority concludes that this postjudgment
order is Ainconsistent
with the judgment, materially changed a substantial adjudicated portion of the
judgment, and exceeded the trial court=s inherent authority to enforce the judgment@ and was therefore, beyond the trial court=s plenary power over its judgment and void due to lack of
jurisdiction, citing First Alief Bank v. White and rule 329b.  682 S.W.2d 251, 252 (Tex. 1984); see also
Tex. R. Civ. P. 329b.  It is with this conclusion that I
respectfully disagree.








A trial court has inherent
power to enforce its judgments.  Tex. Gov=t Code Ann. ' 21.001(a) (Vernon 2004); Tex.
R. Civ. P. 308.  This authority to
enforce is not extinguished by the mere passage of time or the finality of a
judgment.  See  Tex. R. Civ. P. 329b; Wall Street
Deli, Inc. v. Boston Old Colony Ins. Co., 110 S.W.3d 67, 69 (Tex. App.CEastland 2003, no pet.); Reynolds v. Harrison, 635 S.W.2d 845,
846 (Tex. App.CTyler 1982,
writ ref=d n.r.e.).  AUnder Rule 308, a trial court is vested with both the authority and
affirmative duty to enforce and to protect its orders and decrees.@  Sanders v. Blockbuster,
Inc., 127 S.W.3d 382, 387 (Tex. App.CBeaumont 2004, pet. denied) (citing In re Crow‑Billingsley
Air Park, Ltd., 98 S.W.3d 178, 179 (Tex. 2003)); Bridas Corp. v. Unocal
Corp., 16 S.W.3d 887, 889 (Tex. App.CHouston [14th Dist.] 2000, pet. dism'd w.o.j.).   

The power to enforce its
judgments is inherent in its jurisdiction and a Acourt may employ suitable methods to enforce its jurisdiction.@  Arndt v. Farris, 633 S.W.2d
497, 499 (Tex. 1982) (orig. proceeding); Panda Energy Corp. v. Allstate Ins.
Co., 91 S.W.3d 29, 32 (Tex. App.CDallas 2002, pet. granted, judgm=t vacated w.r.m.); Greiner v. Jameson, 865 S.W.2d 493, 498-99
(Tex. App.CDallas 1993,
writ denied).  The power and authority of
a court to enforce its judgments derive not only from specific grants of
judicial power to courts, but also from a court=s Aimplied@ and Ainherent@ powers.  Greiner, 865
S.W.2d at 498 (citing Eichelberger v. Eichelberger, 582 S.W.2d 395, 398
(Tex. 1979)).  In Greiner, Justice
Baker, then writing for the Dallas Court of Appeals, stated,








A
court does not derive its inherent judicial power from legislative grant or
specific constitutional provision but from the very fact that the state
constitution has created and charged the court with certain duties and
responsibilities.  The inherent powers of
a court are those that it may call upon to aid in the exercise of its
jurisdiction, in the administration of justice, and in the preservation of
its independence and integrity.  

Every court
having jurisdiction to render a judgment has the inherent power to enforce its
judgments.  That power is part of the
court=s jurisdiction, and the court may employ suitable methods to enforce
its jurisdiction.

Id. at
498-99 (emphasis added) (citations omitted). 
A trial court retains the authority to enforce its judgments and to do
so with enforcement orders that Amay not be inconsistent with the original judgment or constitute a
material change in the substantive adjudicated portions of the judgment.@  Comm=n for Lawyer Discipline v. Denisco, 132
S.W.3d 211, 215 (Tex. App.CHouston [14th Dist.] 2004, no pet.) (citing Katz v. Bianchi,
848 S.W.2d 372, 374 (Tex. App.CHouston [14th Dist.] 1993, no writ)); see also Tex. R. Civ. P. 308.  Courts may enforce their judgments through
orders of execution, orders of attachment, orders of garnishment, orders for
turnover of property, orders of contempt, or by other orders necessary or in
proper aid of their jurisdiction.  Tex. R. Civ. P. 308; Greiner,
865 S.W.2d at 498. 








The statute under which
this  court ordered the location and
surveying of the true and correct boundary line contemplates that a trial court
or jury must first determine generally where that line should be.  See Tex.
Loc. Gov=t Code Ann. ' 72.009(b) (Vernon 1999). 
Moreover, this statute restricts the General Land Office from marking a
contested line on state maps until it receives a proper certified copy of the
final judgment.  Id. ' 72.009(c).  It necessarily
follows that a court declaring a true boundary line cannot simultaneously
provide a judgment that includes the appropriate survey calls within the very
judgment deciding the general location of the line.  For this reason, a trial court must retain
extensive authority and jurisdiction to first implement the very actions
contemplated by the statute and its prior judgment:  a resurvey when necessary to specifically
locate, mark, and identify the proper line. 


Although in dicta, the
Eastland Court of Appeals observed this very predicament and stated, AThose things [resurveying and remarking] could not be done until the
court had determined the disputed questions as to the proper location of such
lines.@  Garza County v. Lynn County,
42 S.W.2d 627, 634 (Tex. Civ. App.CEastland 1931), rev=d on other grounds, 58 S.W.2d 24 (Tex.
Comm=n App. 1933, judgm=t adopted).

Whether the
court, under its duty, as provided in said article, to >determine where such boundary line is located,= would have implied authority to appoint a surveyor and tax the
expense thereof as costs, we need not determine.  Whether so or not, we think the court could
attach any reasonable condition to the exercise of his discretion.








Id.  Specifically, the Eastland court remanded the
case with instructions to the trial court to Aadjudge the location of the boundaries involved . . . and, if deemed
advisable, have an actual survey made and incorporate the result thereof in the
final judgment.@  Id. 
From this we can conclude that the statute  contemplates and recognizes the necessity of
a court=s continuing jurisdiction to enforce its judgment to establish
disputed county boundaries.  

Additionally, as mentioned
above, the statute contemplates that a trial court must actually enter another Afinal judgment@ officially
adopting and incorporating the resurvey and remarking that it supervised and
approved.  See Tex. Loc. Gov=t Code Ann. ' 72.009(c).  We have already
held so in this case:

The
trial court expressed concern that it would not be able to enforce its judgment
later if the White line is not permanently marked and monumented before final
judgment is rendered.  However, the trial
court retains continuing jurisdiction to enforce its judgment.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 37.011 (Vernon 1997); Tex. R. Civ. P. 301, 308; Reynolds
v. Harrison, 635 S.W.2d 845, 846 (Tex. App.CTyler
1982, writ ref'd n.r.e.).  Accordingly,
the trial court will be able to oversee the marking and monumentation before
the final judgment and field notes are filed with the General Land Office.

 

In re Tarrant County, 16 S.W.3d 914, 919 (Tex. App.CFort Worth 2000, orig. proceeding) (emphasis added).  Thus, I believe and would hold that the trial
court had the duty and authority to supervise and enforce its April 6, 2004
final judgment by entry of any additional orders so long as they contained
nothing inconsistent with the final judgment or a material change from it.  See Denisco, 132 S.W.3d at 215; Reynolds,
635 S.W.2d at 846.  `








In connection with this
limitation, the majority concludes that the May 9, 2005 AOrder Appointing Additional Surveyor@ constitutes a modification of the April 6, 2004 final judgment.  See Maj. Op. at 7.  The majority reads the language giving
surveyor Wilson the authority to assist surveyor Gilley and Areconfirm and verify [Gilley=s] work, calculations, placement, and monumentation@ as beyond the proper scope of the April 6, 2004 final judgment and
therefore void.  I disagree with this
interpretation of the May 9, 2005 order. 
I believe and would conclude that the order is valid because it gives
the trial court a tool by which to determine whether surveyor Gilley=s work conforms to the trial court=s prior final judgment.  I do
not believe it gives surveyor Wilson the unilateral authority to Atrump@ Gilley=s survey; it merely provides the trial court with a method of
verifying the accuracy of the Gilley survey and monumentation.  For this reason, I would also hold that the
trial court=s May 9,
2005 order properly enforced the trial court=s April 6, 2004 final judgment and fell within both the trial court=s duty to enforce under rule 308 and government code section 21.001(a)
and its inherent authority to enforce its own judgment.  See Tex.
Gov=t Code Ann. ' 21.001(a); Tex. R. Civ. P.
308.

 

 

TERRIE LIVINGSTON

JUSTICE

 

DELIVERED:  December 12, 2005

 

 











[1]See Tex. R. App. P. 47.4.





[2]Denton
County appealed from the corrected judgment, arguing that our opinion,
judgment, and mandate in the first appeal did not address the entire boundary
line.  We dismissed Denton County=s
appeal for want of jurisdiction because the corrected judgment on remand merely
satisfied the trial court=s
ministerial duty to give effect to our mandate and was not reviewable.  Denton County v. Tarrant County, 139
S.W.3d 22, 24 (Tex. App.CFort
Worth 2004, pet. denied).





[3]It is
not clear from the record that the General Land Office has accepted and
approved the field notes and survey.















 [COMMENT1]

Majority by Justice Gardner

Dissent by Justice Livingston