NO. 07-08-0050-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 8, 2008

______________________________


THE STATE OF TEXAS, APPELLANT

v.

CHAPMAN CHILDREN’S TRUST I, APPELLEE


_________________________________

FROM THE COUNTY COURT AT LAW NO. 1 OF POTTER COUNTY;

NO. 81106-1; HON. W. F. CORKY ROBERTS, PRESIDING

_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
Memorandum Opinion
          Appellant, the State of Texas, brings a restricted appeal of an order clarifying and
enforcing a prior agreed judgment between it and appellee the Chapman Children’s Trust
I. Finding the trial court exceeded its authority in rendering the order, and the error
apparent on the face of the record, we vacate the order. 
Background
          On November 16, 2000, the trial court signed an agreed judgment in a
condemnation proceeding brought by the State against the Trust, in which the State
acquired land for construction of a part of Loop Highway 335 near Amarillo. The agreed
judgment determined the compensation to be paid by the State, and addressed future
construction events. Among other things, the judgment provided:
[The Trust] will give all necessary right-of-way for one way frontage roads,
turnaround under the BNSF Railway Bridge and future Coulter Street
interchange with Loop Highway 335, each to be built by TxDOT, at [the
State’s] costs, in the area agreed to by George Chapman and TxDOT as
needed. 
          Contending the Coulter Street


 interchange with Loop 335 had become “needed”
and the State refused to take action,


 the Trust filed a motion to clarify and enforce the
agreed judgment on February 23, 2007. By order signed March 30, the court set the
hearing for June 4. 
          The Trust appeared for the hearing on June 4 but the State was absent. After
inquiring of the State’s absence, the trial court received evidence on the merits of the
motion. It then took the matter under advisement. The trial court signed an order on July
5 granting relief in favor of the Trust. No post-trial motions were filed. The State filed a
notice of restricted appeal on January 23, 2008.


 
Discussion 
          A party filing a restricted appeal must demonstrate that: (1) it appealed within six
months of judgment, (2) was a party to the suit, (3) did not participate in the actual trial of
the case, and (4) error appears on the face of the record. See Tex. R. App. P. 30;
Quaestor Inv., Inc. v. Chiapas, 997 S.W.2d 226, 227 (Tex. 1999). The requirements for
a restricted appeal are jurisdictional and if not established will preclude the right of a party
to seek relief through a restricted appeal. Clopton v. Pak, 66 S.W.3d 513, 515
(Tex.App.–Fort Worth 2001, pet. denied).
          Here, the State’s notice of restricted appeal was timely filed, the State was a party
to the suit, and it did not participate in the June 4 hearing. The only issue in dispute is
whether error appears on the face of the record. The face of the record for purposes of
restricted appeal includes all papers on file in the appeal, including the clerk’s record and
any reporter’s record. See DSC Fin. Corp. v. Moffitt, 815 S.W.2d 551, 551 (Tex. 1991)
(writ of error appeal).
          According to the State, the following errors appear on the face of the record: (1) it
did not receive notice of the hearing of the motion; (2) it did not receive statutory notice of
intent to take a default judgment against the State


; and (3) the July 5 order exceeded the
court’s power to enforce its judgment. We address only its third contention.
          The nub of the State’s argument is the July 5 order was not a proper exercise of the
court’s inherent power to enforce the agreed judgment because it constituted a material
change of a substantial adjudicated matter in the agreed judgment. Instead, the State
argues, the July 5 order was a modification of the agreed judgment, which the trial court
long ago lost plenary power to render. We agree. 
          A trial court possesses plenary power to vacate, modify, correct, or reform a
judgment within thirty days of the day the judgment was signed. See Tex. R. Civ. P.
329b(d). As a general rule, judicial action taken by a court after the lapse of its plenary
power is a nullity. State ex rel. Latty v. Owens, 907 S.W.2d 484, 486 (Tex. 1995). But
every court possessing jurisdiction to render a judgment has power, via Rule 308, and
inherent power to enforce its judgments beyond its plenary power. Tex. R. Civ. P. 308
(“[t]he court shall cause its judgments and decrees to be carried into execution....”); Arndt
v. Farris, 633 S.W.2d 497, 499 (Tex. 1982) (orig. proceeding) (“[t]he general rule is that
every court having jurisdiction to render a judgment has the inherent power to enforce its
judgments.”). Enforcement orders, however, may not be inconsistent with the original
judgment and must not constitute a material change in substantial adjudicated portions of
the judgment. Harris County Appraisal Dist. v. West, 708 S.W.2d 893, 896
(Tex.App.–Houston [14th Dist.] 1986, orig. proceeding) (citing Various Opportunities, Inc.
v. Sullivan Investments, Inc., 677 S.W.2d 115, 118 (Tex.App.–Dallas 1984, no writ);
Reynolds v. Harrison, 635 S.W.2d 845, 846 (Tex.App.–Tyler 1982, writ ref’d n.r.e.)). A
post-judgment enforcement order may not add obligations to those required by the
judgment. Bank One, N.A. v. Wohlfahrt, 193 S.W.3d 190, 194-95 (Tex.App.–Houston [1st
Dist.] 2006, no pet.).
          The State cites several provisions of the July 5 order that it contends materially
changed the terms of the agreed judgment. We need address only one.
          The July 5 order incorporates a November 7, 2006, City/Developer Participation
Agreement between the City of Amarillo and G.R. Chapman Limited Partnership.


 The
order further requires:
construction of the overpass and the one-way frontage roads at the Coulter
Street interchange with Loop Highway 335, in connection with the
construction of Coulter Street north to its intersection with Loop Highway 335
under the provisions of the terms of that one certain CITY/DEVELOPER
PARTICIPATION AGREEMENT dated November 7, 2006, by an (sic)
between the City of Amarillo, Texas and GR Chapman Limited Partnership.
 
          Nothing in the 2000 agreed judgment requires construction of contemplated highway
improvements in connection with construction of Coulter Street according to terms of a
then-nonexistent agreement to which the State is not a party. 
          We find that provision of the July 5 order is alone sufficient to constitute a material
change in the terms of the agreed judgment. Because no post-trial motions were filed, the
plenary power of the trial court to modify, correct or reform the agreed judgment expired
thirty days following its signing.


 The July 5 order exceeded the extent of the court’s power
to enforce its existing orders, and is void. Owens, 907 S.W.2d at 486. This error appears
on the face of the record for maintaining the restricted appeal.
          Accordingly, we vacate the trial court’s July 5 order.


James T. Campbell

Justice