NO. 07-08-0050-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 8, 2008

_____

THE STATE OF TEXAS, APPELLANT

v.

CHAPMAN CHILDREN'S TRUST I, APPELLEE

_____

FROM THE COUNTY COURT AT LAW NO. 1 OF POTTER COUNTY;

NO.  81106-1; HON. W. F. CORKY ROBERTS, PRESIDING

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**Memorandum Opinion**

Appellant, the State of Texas, brings a restricted appeal of an order clarifying and enforcing a prior agreed judgment between it and appellee the Chapman Children's Trust I.  Finding the trial court exceeded its authority in rendering the order, and the error apparent on the face of the record, we vacate the order.

## Background

On November 16, 2000, the trial court signed an agreed judgment in a condemnation proceeding brought by the State against the Trust, in which the State acquired land for construction of a part of Loop Highway 335 near Amarillo. The agreed judgment determined the compensation to be paid by the State, and addressed future construction events. Among other things, the judgment provided:

> [The Trust] will give all necessary right-of-way for one way frontage roads, turnaround under the BNSF Railway Bridge and future Coulter Street interchange with Loop Highway 335, each to be built by TxDOT, at [the State's] costs, in the area agreed to by George Chapman and TxDOT as needed.

Contending the Coulter Street[1] interchange with Loop 335 had become "needed" and the State refused to take action,[2] the Trust filed a motion to clarify and enforce the agreed judgment on February 23, 2007. By order signed March 30, the court set the hearing for June 4.

The Trust appeared for the hearing on June 4 but the State was absent. After inquiring of the State's absence, the trial court received evidence on the merits of the motion. It then took the matter under advisement. The trial court signed an order on July

---

[1] Coulter is a street of the city of Amarillo.

[2] The Trust's motion outlined efforts made to discuss implementation of the agreed judgment with representatives of the Texas Department of Transportation ("TxDOT"), and stated the Trust's counsel had received no response from counsel for TxDOT.

5 granting relief in favor of the Trust. No post-trial motions were filed. The State filed a notice of restricted appeal on January 23, 2008.[3]

Discussion

A party filing a restricted appeal must demonstrate that: (1) it appealed within six months of judgment, (2) was a party to the suit, (3) did not participate in the actual trial of the case, and (4) error appears on the face of the record. *See* Tex. R. App. P. 30; *Quaestor Inv., Inc. v. Chiapas,* 997 S.W.2d 226, 227 (Tex. 1999). The requirements for a restricted appeal are jurisdictional and if not established will preclude the right of a party to seek relief through a restricted appeal. *Clopton v. Pak,* 66 S.W.3d 513, 515 (Tex.App.–Fort Worth 2001, pet. denied).

Here, the State's notice of restricted appeal was timely filed, the State was a party to the suit, and it did not participate in the June 4 hearing. The only issue in dispute is whether error appears on the face of the record. The face of the record for purposes of restricted appeal includes all papers on file in the appeal, including the clerk's record and any reporter's record. *See DSC Fin. Corp. v. Moffitt,* 815 S.W.2d 551, 551 (Tex. 1991) (writ of error appeal).

According to the State, the following errors appear on the face of the record: (1) it did not receive notice of the hearing of the motion; (2) it did not receive statutory notice of

---

[3] Although the State's notice of restricted appeal was not filed within six months of July 5, 2007, Rule 26.1(c), it was filed within the fifteen-day grace period of Rule 26.3. Tex. R. App. P. 26.1(c) & 26.3. On the State's motion under Rule 26.3(b), we found its notice timely. Tex. R. App. P. 26.3(b).

intent to take a default judgment against the State[4]; and (3) the July 5 order exceeded the court's power to enforce its judgment. We address only its third contention.

The nub of the State's argument is the July 5 order was not a proper exercise of the court's inherent power to enforce the agreed judgment because it constituted a material change of a substantial adjudicated matter in the agreed judgment. Instead, the State argues, the July 5 order was a modification of the agreed judgment, which the trial court long ago lost plenary power to render. We agree.

A trial court possesses plenary power to vacate, modify, correct, or reform a judgment within thirty days of the day the judgment was signed. *See* Tex. R. Civ. P. 329b(d). As a general rule, judicial action taken by a court after the lapse of its plenary power is a nullity. *State ex rel. Latty v. Owens,* 907 S.W.2d 484, 486 (Tex. 1995). But every court possessing jurisdiction to render a judgment has power, via Rule 308, and inherent power to enforce its judgments beyond its plenary power. Tex. R. Civ. P. 308 ("[t]he court shall cause its judgments and decrees to be carried into execution...."); *Arndt v. Farris,* 633 S.W.2d 497, 499 (Tex. 1982) (orig. proceeding) ("[t]he general rule is that every court having jurisdiction to render a judgment has the inherent power to enforce its judgments."). Enforcement orders, however, may not be inconsistent with the original judgment and must not constitute a material change in substantial adjudicated portions of the judgment. *Harris County Appraisal Dist. v. West,* 708 S.W.2d 893, 896 (Tex.App.–Houston [14th Dist.] 1986, orig. proceeding) (*citing Various Opportunities, Inc.*

---

[4] Tex. Civ. Prac. & Rem. Code Ann. § 39.001 (Vernon 2008).

4

*v. Sullivan Investments, Inc.,* 677 S.W.2d 115, 118 (Tex.App.–Dallas 1984, no writ); *Reynolds v. Harrison,* 635 S.W.2d 845, 846 (Tex.App.–Tyler 1982, writ ref'd n.r.e.)). A post-judgment enforcement order may not add obligations to those required by the judgment. *Bank One, N.A. v. Wohlfahrt,* 193 S.W.3d 190, 194-95 (Tex.App.–Houston [1st Dist.] 2006, no pet.).

The State cites several provisions of the July 5 order that it contends materially changed the terms of the agreed judgment. We need address only one.

The July 5 order incorporates a November 7, 2006, City/Developer Participation Agreement between the City of Amarillo and G.R. Chapman Limited Partnership.[5] The order further requires:

> construction of the overpass and the one-way frontage roads at the Coulter Street interchange with Loop Highway 335, in connection with the construction of Coulter Street north to its intersection with Loop Highway 335 under the provisions of the terms of that one certain CITY/DEVELOPER PARTICIPATION AGREEMENT dated November 7, 2006, by an (sic) between the City of Amarillo, Texas and GR Chapman Limited Partnership.

Nothing in the 2000 agreed judgment requires construction of contemplated highway improvements in connection with construction of Coulter Street according to terms of a then-nonexistent agreement to which the State is not a party.

We find that provision of the July 5 order is alone sufficient to constitute a material change in the terms of the agreed judgment. Because no post-trial motions were filed, the

---

[5] G.R. Chapman Limited Partnership is successor in interest to the Trust.

5

plenary power of the trial court to modify, correct or reform the agreed judgment expired thirty days following its signing.[6] The July 5 order exceeded the extent of the court's power to enforce its existing orders, and is void. *Owens,* 907 S.W.2d at 486. This error appears on the face of the record for maintaining the restricted appeal.

Accordingly, we vacate the trial court's July 5 order.

James T. Campbell
Justice

---

[6] Tex. R. Civ. P. 329b(d).