**Order entered May 26, 2015**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-00170-CV

### ERIC DRAKE, Appellant

### V.

### CARMEN SIFUENTES, CONSUMERS COUNTY MUTUAL INSURANCE, Appellees

## No. 05-13-00871-CV

### ERIC DRAKE, Appellant

### V.

### TRAVELERS INDEMNITY COMPANY, ET AL., Appellees

## No. 05-13-00894-CV

### ERIC DRAKE, Appellant

### V.

### KRISTINA KASTL, Appellee

## No. 05-13-01520-CV

### ERIC DRAKE, Appellant

### V.

### TRAVELERS INDEMNITY COMPANY, ET AL., Appellees

# ORDER

## Before the Court En Banc

Before the Court is appellant's May 18, 2015 second motion to recuse and disqualify certain former, visiting and sitting Justices of the Court. This Court previously denied appellant's April 9, 2015 motion to recuse and his April 13, 2015 motion to reconsider that order. The Court has reviewed appellant's May 18, 2015 second motion to recuse and disqualify and has determined that it does not raise any new grounds for recusal or disqualification. Rather, we conclude that the motion is groundless and brought without sufficient cause.

In addition to the express grants of judicial power to each court in Texas, there are other powers which courts may exercise though not expressly authorized or described by constitution or statute. *Greiner v. Jameson*, 865 S.W.2d 493, 498 (Tex. App—Dallas 1993, writ denied). The Texas Supreme Court categorizes these additional powers as "implied" and "inherent" powers. *Id.* (citing *Eichelberger v. Eichelberger*, 582 S.W.2d 395, 398 (Tex. 1979)). A court does not derive its inherent judicial power from legislative grant or specific constitutional provision but from the very fact that the state constitution has created and charged the court with certain duties and responsibilities. *Greiner*, 865 S.W.2d at 498–99. The inherent powers of a court are those that it may call upon to aid in the exercise of its jurisdiction, in the administration of justice, and in the preservation of its independence and integrity. *Eichelberger*, 582 S.W.2d at 398.

Because the Court has determined appellant's May 18, 2015 motion to recuse and disqualify is groundless, brought without sufficient cause, and has caused unnecessary delay in reaching a final judgment in this case, we **STRIKE** appellant's motion under our inherent power

to aid in the administration of justice.

/s/     CAROLYN WRIGHT
         CHIEF JUSTICE